**In re Francis J. LOCKWOOD, Sr., and Joan Lockwood, Debtors.**

**SOCIETA INTERNAZIONALE TURISMO, S.p.A., Plaintiff,**

**v.**

**James BARR, as Trustee in Bankruptcy of Francis J. Lockwood, Sr., and Joan Lockwood, Defendants.**

**Bankruptcy No. 880-0575-20.**

United States Bankruptcy Court, E. D. New York, at Westbury.

May 15, 1981.

Seymour Chagrin, Freeport, N. Y., for defendants.

Herzfeld & Rubin, New York City, for plaintiff.

James Barr, New York City, Trustee.

ROBERT JOHN HALL, Bankruptcy Judge.

## I.

Societa Internazionale Turismo, S.p.A. (hereinafter "Plaintiff"), has commenced an adversary proceeding seeking relief from the automatic stay provisions of 11 U.S.C. section 362(a). For the reasons set forth below, Plaintiff's request for the aforesaid relief is denied pending a final hearing.

## II.

Plaintiff is a judgment creditor of the debtor in the amount of $87,212.58 pursuant to a judgment entered on March 15, 1977, in the Supreme Court of the State of New York, County of New York (hereinafter "State Court judgment"). On March 23, 1977, the State Court judgment was docketed with the County Clerk of Nassau County, thereby placing a lien on any real property owned by the debtors in Nassau County. N.Y.C.P.L.R. section 5203 (McKinney 1980). On October 30, 1978, Plaintiff issued a property execution to the Sheriff of Nassau County to levy on and sell the realty owned by the debtors to satisfy the Plaintiff's judgment. The Sheriff scheduled the sale of the realty located at 50 North Main Street, Town of Farmingdale, New York (hereinafter "the Property") for April 21, 1980. Prior to that date, on April 17, 1980, the debtors filed a petition under Chapter 7 of the Bankruptcy Code. Thereafter, the Plaintiff commenced this adversary proceeding.

## III.

The filing of a bankruptcy petition operates as a stay of the enforcement of a pre-petition judgment against the debtor or property of the estate, and any act to enforce any lien against property of the estate. 11 U.S.C. section 362(a)(2), (4). A

party may obtain relief from the stay by commencing an adversary proceeding, *see* 11 U.S.C. section 362(d), Fed.R.Bankr.P. 701(6). In its complaint, Plaintiff alleges that it is a judgment lien creditor of the debtor and that the Property "is not property subject to this bankruptcy proceeding, since [Plaintiff] has a lien on the property which is in excess of its value." Plaintiff misstates the applicable law. It is clear from the broad definition of property contained in 11 U.S.C. section 541 that it is not necessary for a debtor to have an equity in property for it to be "property of the estate" over which the bankruptcy court has jurisdiction; legal title is sufficient. *See* 28 U.S.C. section 1471; *See also Cross Electric Company, Inc. v. United States of America*, 512 F.Supp. 511, 6 B.C.D. 1348, 1349 (W.D.Va.1980) (Turk, D.J.).

11 U.S.C. section 362(d), which governs relief from the automatic stay, provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

■ Plaintiff does not allege lack of adequate protection. Thus, it appears in the first instance, that Plaintiff is bringing this action under 11 U.S.C. section 362(d)(2). Since Chapter 7 is concerned with liquidation, rather than "reorganization," subdivision "(B)" of section 362(d)(2) does not apply in cases filed under that Chapter. *Cf. Matter of Sulzer*, 2 B.R. 630 (B.C.S.D.N.Y.

1980) (subdivision "(B)" of section 362(d)(2) inapplicable to a Chapter 13 case); *But, cf. Matter of Zellmer*, 6 B.R. 497, 3 C.B.C.2d 42 (Bkrtcy.N.D.Ill.1980) (section 362(d)(2) is applicable in its entirety to a Chapter 13 case); *Matter of Feinster*, 6 B.C.D. 131 (B.C.N.D.Ga.1979) (section 362(d)(2) is inapplicable in its entirety to a Chapter 13 case).[1]

The Plaintiff, as the party seeking relief from stay, has the burden of proof on the issue of the debtor's equity in the Property. *See* 11 U.S.C. section 362(g). The parties agree that if the judgment is valid the debtors have no equity in the Property. The debtors, however, contend that the judgment, and hence the judgment lien, were secured by fraud and, thus, are void or voidable. The debtors also claim that while the Plaintiff may have had a claim against Francis J. Lockwood Associates, Inc., a co-defendant in the State Court action, it had no colorable claim against them.[2] Moreover, the debtors allege that the judgment was entered against them after their answers were stricken for failure to comply with the order of the court requiring them to provide discovery. The debtors allege that their attorney for the State Court action told them both "not to worry," and that he never advised them of the defaults until it was too late. Thus, it appears that the State Court action was not resolved upon the merits of the case.

## IV.

The Plaintiff argues that under the doctrines of *res judicata* and collateral estoppel the State Court judgment bars this Court from reconsidering the validity of the State Court judgment and the subsequent judgment lien.

■ It is true that the principles of *res judicata* and collateral estoppel apply in bankruptcy proceedings, *see Heiser v. Wood-*

---

1. Assuming *arguendo* that section 362(d)(2) does not apply to a Chapter 7 case, the debtors' lack of equity in the Property would constitute "cause" for granting relief from stay under section 362(d)(1). Accordingly, Plaintiff's complaint states a claim upon which relief can be granted.

2. The record does not indicate the precise nature of the State Court action.

*ruff,* 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946), and to default judgments, *see* 1B J. Moore Federal Practice ¶ 4.09, p. 1024 (2d ed. 1978). It is equally true, however, that the principles of *res judicata* and collateral estoppel should not be applied when their application would result in manifest injustice to a party, *see* 1B J. Moore Federal Practice ¶ 0.405[11].[3] The United States Supreme Court has recently restated this principle in the context of a bankruptcy proceeding:

> Because res judicata may govern grounds and defenses not previously litigated, however, it blockades unexplored paths that may lead to truth. For the sake of repose, res judicata shields the fraud and the cheat as well as the honest person. *It therefore should be invoked only after careful inquiry.*

*Brown v. Felsen,* 442 U.S. 127, 130–34, 99 S.Ct. 2205, 2209–10, 60 L.Ed.2d 767 (1979) (emphasis added). If the Plaintiff does not have a colorable claim against the debtors, the application of *res judicata* or collateral estoppel would result in manifest injustice to the debtors.

This Court will heed the Supreme Court's admonition and, at the final hearing on Plaintiff's request for relief from stay, carefully inquire as to whether the principles of *res judicata* or collateral estoppel be applied herein.

One note of caution to counsel for both parties. The record of the preliminary hearing is replete with colloquy, but bereft of evidence. This Court expects that this deficiency will be cured at the final hearing. This Court does not intent "to grope [its] way through a heap of rubbish on the odd chance of picking up a bit of sound metal here and there." *Royal Petroleum Corp. v. Smith,* 127 F.2d 841, 843 (2d Cir. 1942).

A final hearing on the Plaintiffs' request from relief from stay is scheduled for June 2nd, 1981, at 9:30 in the forenoon. Pending

---

**3.** Plaintiff contends that as the State Court judgment was the result of the debtors' failure to comply with an order of the court requiring the debtors to provide discovery, the State Court judgment is not a default judgment.

the final determination of this matter, the automatic stay provided by section 362(a) will remain in effect.

So Ordered.

Plaintiffs' contention is wholly without merit. *See* 1B J. Moore Federal Practice ¶ 0.409[4], ¶ 54.61 (2d ed. 1978); D. Siegel, New York Practice 347 n.1 (1978).