**In re Francis J. LOCKWOOD, Sr., and Joan Lockwood, Debtors.**

**SOCIETA INTERNAZIONALE TURISMO, S.p.A., Plaintiff,**

v.

**James BARR, as Trustee in Bankruptcy of Francis J. Lockwood, Sr. and Joan Lockwood, Defendants.**

Bankruptcy No. 880–01884–20.
Adv. No. 880–0575–20.

United States Bankruptcy Court,
E. D. New York,
at Westbury.

Sept. 21, 1981.

See also, Bkrtcy., 11 B.R. 291.

Seymour Chagrin, Freeport, N. Y., for defendants.

Herzfeld & Rubin, New York City, for plaintiff.

James Barr, New York City, trustee.

ROBERT JOHN HALL, Bankruptcy Judge.

## I.

Societa Internazionale Turismo, S.p.A. (hereinafter "Plaintiff"), has commenced an adversary proceeding seeking relief from the automatic stay provisions of 11 U.S.C. section 362(a). For the reasons set forth below, the Plaintiff's request for the aforesaid relief is denied.

## II.

The Plaintiff is a judgment creditor of the debtors, Francis and Joan Lockwood, in the amount of $87,212.58 pursuant to a judgment entered on March 15, 1977, in the Supreme Court of the State of New York, County of New York (hereinafter "State Court judgment").

On March 23, 1977, the State Court judgment was docketed with the County Clerk of Nassau County, thereby placing a lien on any real property owned by the debtors in Nassau County. N.Y.C.P.L.R. section 5203 (McKinney 1980). On October 30, 1978, to satisfy the Plaintiff's judgment, the Plaintiff issued a property execution to the Sheriff of Nassau County to levy on and sell the realty owned by the debtors. The Sheriff scheduled a sale of the realty, the debtor's residence, located at 50 North Main Street, Town of Farmingdale, New York (hereinafter "the Property") for April 21, 1980. Prior to that date, on April 17, 1980, the debtors filed a petition under Chapter 7 of the Bankruptcy Code. Thereafter, the Plaintiff commenced this adversary proceeding.

At a preliminary hearing the parties agreed that the only issue in this matter is the validity of the Plaintiff's claim. It is undisputed that the State Court judgment was entered against the debtors after their answers were stricken for failure to comply with orders of the state court requiring

them to provide the Plaintiff with discovery. Thus it is clear that the State Court action was not resolved upon the merits of the Plaintiff's claim.

The debtors allege that the Plaintiff procured the State Court judgment through fraud or other wrongful conduct and thus the judgment and judgment lien are void or voidable. Specifically, the debtors allege that while the Plaintiff may have had a claim against Francis J. Lockwood Associates, Inc.,[1] (hereinafter "the Corporation"),[2] a co-defendant in the State Court action, it has no claim against them as individuals. In addition, the debtors contend that the entry of the State Court judgment on default was occasioned solely by their attorney's negligence. The debtors argue that under these circumstances the Plaintiff should not benefit from its wrongful conduct to the detriment of the debtors and their creditors.

Subsequent to this preliminary hearing, the court issued its decision and order denying the Plaintiff's request for relief from stay pending a final hearing. *In re Lockwood*, 11 B.R. 291 (Bkrtcy.E.D.N.Y.1981).

At the final hearing the debtors adduced evidence which showed:

1. The Plaintiff did business with the corporation, not with the debtors as individuals.

2. Francis J. Lockwood was a 100% shareholder of the Corporation.

3. Francis J. Lockwood did not personally guarantee the debts of the Corporation.

4. During the time that the Corporation dealt with the Plaintiff, Francis J. Lockwood did not engage in the travel business, either individually or with a partner.

5. Joan Lockwood was not a director, officer, shareholder or employee of the

---

1. Francis J. Lockwood Associates, Inc., was duly incorporated under the laws of New York State. *See* Defendant's Exhibits "A" and "B".

2. Both the Plaintiff and the Corporation were engaged in the travel business. The Plaintiff's

claim arose from the Corporation's Holy Year Pilgrimage program. The Corporation was to arrange air travel to Rome, and the Plaintiff was to operate the land, hotel and pilgrimage operation therein. [Tr. 15].

Corporation, nor did she personally guarantee the debts of the Corporation.

6. When the debtors received the Plaintiff's papers in the State Court action, they turned them over to their attorney, Harold Hamilton, who told them "not to worry."

The Plaintiff, relying on the "Full Faith and Credit" clause of the United States Constitution, did not introduce any evidence as to the underlying merits of its claim on which the State Court judgment was based and objected to the debtors introducing any such evidence.[3]

### III.

*Relief from Stay*

The filing of a bankruptcy petition stays the enforcement of a pre-petition judgment against the debtor or property of the estate, stays any act to enforce a lien against the debtor which secures a claim that arose prior to the commencement of the case, and stays a claim against property of the estate. 11 U.S.C. section 362(a)(2), (4), (5). A party may obtain relief from the stay by commencing an adversary proceeding. *See* 11 U.S.C. section 362(d); Fed.R.Bankr.P. 701(6).

The Plaintiff requests relief from stay on the ground that it has a valid judgment lien on the property and the debtors and the trustee have no equity in it.[4] The debtors admit that if the Plaintiff's claim is valid, they have no equity in the property. However, the debtors challenge the validity of the Plaintiff's claim, and hence its judgment lien. The only issue before this court is the validity of the Plaintiff's claim.

When a party seeks relief from the stay, the validity of his claim is always a proper matter to be heard and considered in determining whether such relief should be granted. *See* H.R.Rep.No.595, 95th Cong. 1st Sess. (1977) 344, U.S.Code Cong. & Admin.News 1978, 5787. For if the claim of a secured party seeking relief from stay is not allowable, or if the claim is subordinated and the claimant's lien is transferred to the estate, then the secured status ceases to exist and the party is not entitled to such relief. *See United Companies Financial v. Brantley*, 6 B.R. 178, 184 (Bkrtcy.N.D.Fla. 1980).

While the court may consider the validity of the Plaintiff's claim for purposes of determining whether to grant relief from stay, the decision of the court on this issue apparently has no *res judicata* or collateral estoppel effect. *See* 2 *Collier on Bankruptcy,* ¶¶ 362.08[3], 362–55, 56 (15th ed. 1981). That is to say that if the debtors or the trustee wish to have the Plaintiff's claim disallowed, or if the trustee wishes to have the Plaintiff's claim subordinated, they must commence the appropriate proceedings. If the debtor or the trustee fails to take such action, the Plaintiff's lien will survive the Chapter 7 proceeding and can be enforced after the automatic stay terminates. *See* 3 *Collier on Bankruptcy,* ¶¶ 524.-01[3] 524–13, 14 (15th ed. 1981).

By its terms, the "Full Faith and Credit Clause" of the United States Constitution does not require that Federal Courts give *res judicata* effect to state court judgments.[5] *Cf. Yacovone v. Bolger*, 645 F.2d

---

3. The Plaintiff merely introduced into evidence state court orders denying the debtors' motions for relief from the State Court judgment. These orders were not grounded on the underlying merits of the Plaintiff's claim.

4. Pursuant to 11 U.S.C. § 541(a) the debtors' interest in the Property passes to the estate. While title does not vest in the trustee himself, the trustee is authorized to dispose of the property comprising the estate pursuant to 11 U.S.C. §§ 323(a) and 363(b). *See* 4 *Collier on Bankruptcy,* ¶ 541.02[2] (15th ed. 1981). However, once the property comes into the estate,

each of the debtors could exempt up to $7,900 of their interest in the Property. 11 U.S.C. § 522(d)(1), (5).

5. U.S.Const., Art. IV, § 1 provides:

Full Faith and Credit shall be given *in each State* to the public Acts, Records, and judicial Proceedings of *every other State.* And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

*Id.* (emphasis added)

1028 (D.C.Cir.1981) (constitutional full faith and credit clause, Art. 4, § 1 does not reach the question of what effect federal entities must give state pardons). However, by enacting 28 U.S.C. section 1738,[6] and its predecessor statute 28 U.S.C. section 687, Congress extended the breadth of the Full Faith and Credit requirement so that "the principles of collateral estoppel and *res judicata* are made applicable to federal courts with respect to prior state court judgments." *Kremer v. Chemical Construction Corp.*, 464 F.Supp. 468, 471 (S.D.N.Y.1978); *accord, Winters v. Lavine*, 574 F.2d 46, 54 (2d Cir. 1978); *Batiste v. Furnco Construction Corporation*, 503 F.2d 447, 450 (7th Cir. 1974); *In re Trans Ocean Tender Offer Securities Litigation*, 427 F.Supp. 1211, 1219 (N.D.Ill.1977).

28 U.S.C. section 1738 requires that a federal court presented with a state court judgment give the judgment the same force and effect as it has in the state in which it was rendered. *See Winters v. Lavine*, 574 F.2d 46, 54 (2d Cir. 1978); *accord, Midgett v. United States*, 603 F.2d 835, 845 (Ct.Cl. 1979); *Kremer v. Chemical Construction Corp.*, 464 F.Supp. 468, 472 (S.D.N.Y.1978). In the instant case, this would appear to necessitate an analysis of the *res judicata* effect accorded by New York Courts to New York judgments. *See Winters v. Lavine*, 574 F.2d 46, 54 (2d Cir. 1978). However, several courts have held that since the extent to which a federal court must attach conclusive effect to a prior state court proceeding is a federal question, the federal court is not necessarily bound by the state's interpretation of *res judicata* and collateral estoppel. *See Yacovone v. Bolger*, 645 F.2d 1028, 1036 (D.C.Cir.1981); *Red Fox v. Red Fox*, 564 F.2d 361, 365 n.3 (9th Cir. 1977);

*Batiste v. Furnco Construction Corporation*, 503 F.2d 447, 450 (7th Cir. 1974); *American Mannex Corporation v. Rozands*, 462 F.2d 688, 690 (5th Cir.), *cert. denied*, 409 U.S. 1040, 93 S.Ct. 524, 34 L.Ed.2d 489 (1972); *Kremer v. Chemical Construction Corp.*, 464 F.Supp. 468, 472 (S.D.N.Y.1978); *Williams v. Sclafani*, 444 F.Supp. 906, 916 (S.D.N.Y. 1978), *aff'd mem.*, 580 F.2d 1046 (2d Cir. 1978); *In re Transocean Tender Offer Securities Litigation*, 427 F.Supp. 1211, 1219 (N.D.Ill.1977); *Schwegmann Brothers Giant Supermarkets v. Louisiana Milk Commission*, 365 F.Supp. 1144 (M.D.La.1973), *aff'd mem.*, 416 U.S. 922, 94 S.Ct. 1920, 40 L.Ed.2d 279 (1974).

In the bankruptcy context this circuit has held that where equitable principles require re-examination by the bankruptcy court of a claim that has been reduced to judgment, the doctrine of *res judicata* is inapplicable. *Margolis v. Nazareth Fair Grounds and Farmers Market*, 249 F.2d 221, 224 (2d Cir. 1957). In *Margolis*, the Court of Appeals for the Second Circuit held that a bankruptcy court could exercise its equitable powers to inquire into the validity of claims that had been previously reduced to judgment. 249 F.2d at 222. The court stated that a judgment offered as a claim against the estate could be collaterally attacked "for the purpose of showing that it was obtained by collusion of the parties *or is founded upon no real debt.*" 249 F.2d at 223–24 (emphasis added).

The court in *Margolis* also stated that the United States Supreme Court's decision in *Heiser v. Woodruff*, 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946), did not always preclude a party from collaterally attacking

---

**6.** 28 U.S.C. § 1738 provides:

The Acts of the legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.

The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the

court annexed, if a seal exists, together with certificate of a judge of the court that the said attestation is in proper form.

Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken. *Id.*

in the bankruptcy court a claim that had been reduced to judgment. The court indicated when such equitable relief might be appropriate:

> Equitable relief would be improper where, as in *Heiser v. Woodruff, supra,* the bankruptcy court is asked to adjudicate a matter which has been fully litigated in another forum. Failure to raise a defense when there was ample opportunity to do so in a prior action will also generally preclude the recognition of the defense in a bankruptcy court. The refusal to entertain the defense in a bankruptcy court is not, however, based upon a technical application of *res judicata* doctrine, but upon the court's *recognition that the equitable considerations underlying that doctrine require its application in the absence of compelling circumstances to the contrary. To the extent that equitable principles require re-examination by the bankruptcy court of the bases for the judgment where these bases have been or could have been previously adjudicated the doctrine of res judicata is inapplicable in bankruptcy proceedings.*

*Margolis,* 249 F.2d at 224.[7] (emphasis added)

[7.] The holding of the court in *Margolis* is no more than a reformulation of Judge Learned Hand's statement that:

> [The doctrine of *res judicata*] must be watched in its application lest a blind adherence to it tend to defeat the even firmer established policy of giving every litigant a full and fair day in court. In short, it appears to us that the doctrine, like so many others in the law, must be treated as a compromise between two conflicting interests: the convenience of avoiding a multiplicity of suits and the adequacy of the remedies afforded for conceded wrongs.

*Lyons v. Westinghouse Electric Corporation,* 222 F.2d 184, 189 (2d Cir. 1955) (*quoting United States v. Silliman,* 167 F.2d 607, 614 (3d Cir. 1948)).

[8.] Both the debtors were called upon to and did appear at examinations before trial in the state court action. [Tr. 22].

[9.] The courts have granted relief under Fed.R.Civ.P. 60(b)(6) from a default judgment where the default was occasioned by the gross negligence of movant's counsel. *See Jackson v. Beech,* 636 F.2d 831 (D.C.Cir.1980); *Boughner*

In the case at bar the debtors and the trustee collaterally attack the Plaintiff's judgment on the ground that it is "founded upon no real debt." It is undisputed that in this case, as in *Margolis,* the validity of the Plaintiff's claim never has been fully litigated. The state court judgment was not rendered upon the merits of the case. It was a default judgment that was entered against the debtors after their answer was stricken for failure to comply with an order of the state court requiring them to provide discovery. However, the default was not due to the lack of diligence on the part of the debtors. At the hearing held before this court, the debtors testified that they turned over all papers which were served upon them by the Plaintiff to their attorney, Harold Hamilton, who told them on several occasions that "he would take care of it." [Tr. 21, 24]. The debtors personally did all that was required of them.[8] From the demeanor of the debtors at the hearing, the court finds their testimony on this point, which the Plaintiff did not attempt to rebut, credible and worthy of belief. It appears that the gross incompetence of the debtors' counsel, not the debtors' conduct, was the ground for the entry of the default judgment.[9] Under these

*v. Secretary of Health, Education and Welfare U.S.,* 572 F.2d 976 (3rd Cir. 1978); *L. P. Steuart, Inc. v. Matthews,* 329 F.2d 234 (D.C.Cir.) *cert. denied,* 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964). The Second Circuit has not expressly adopted or rejected this view. *See United States v. Cirami,* 535 F.2d 736, 740–41 (2d Cir. 1976).

In *Cirami, supra,* the Second Circuit affirmed the District Court's denial of relief from a default judgment under Fed.R.Civ.P. 60(b)(6), where the evidence failed to establish that movants' counsel was guilty of gross negligence or misleading his clients and there was no indication of client diligence. 535 F.2d at 741. The Court also noted that the standard for granting Rule 60(b)(6) relief is "exceptional circumstances," not "equitable considerations."

The case at bar is distinguishable from *Cirami.* The uncontroverted evidence adduced at the hearing establishes that the debtors were diligent, they were misled by their attorney in the state court action, and the default judgment entered against them was occasioned by the gross negligence of their attorney. [Tr. 21–25].

circumstances the debtors did not have "ample opportunity" to have their case heard,[10] *Cf. Schwartz v. Public Admin. of Co. of Bronx*, 24 N.Y.2d 65, 298 N.Y.S.2d 955, 246 N.E.2d 725 (1969) (competence of counsel is a factor in determining whether a party had a "full and fair opportunity" to litigate at an earlier proceeding). Moreover, the only testimony adduced at the hearing convinces the court that the Plaintiff had no valid claim against the debtors. The evidence adduced at the hearing established that the Plaintiff did business with the Corporation, not with the individual debtors [Tr. 17–18]. The evidence also established that neither of the debtors guaranteed the debts of the Corporation [Tr. 20, 29]. Indeed, the testimony showed that the debtor Joan Lockwood had no connection with the Corporation. She was never a director, officer, shareholder or employee of the Corporation [Tr. 26, 28]. From the evidence adduced at the hearing it appears that the Plaintiff has no claim against the debtors, therefore, the Plaintiff's request for relief from stay must be denied.

## IV.

*Equitable Subordination*

The court also notes that under principles of equitable subordination the trustee could successfully seek to subordinate Plaintiff's claim and have its lien transferred to the estate.

11 U.S.C. section 510 provides in pertinent part:

(c) Notwithstanding subsections (a) and (b) of this section, after notice and a hearing, the court may—

(1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or

(2) order that any lien securing such a subordinated claim be transferred to the estate.

11 U.S.C. section 510(c).

■■ In determining whether the Plaintiff's claim should be subordinated under principles of equitable subordination, we must look to case law under the Bankruptcy Act and the Bankruptcy Code. *See* 124 Cong.Rec.H. 11,095 (Sept. 28, 1978) (remarks of Rep. Edwards); S17,412 (Oct. 6, 1978) (remarks of Sen. DeConcini). Under the principles of equitable subordination, the bankruptcy court may subordinate a claim when: (1) the claimant has engaged in inequitable conduct;[11] (2) the mis-conduct results in injury to the creditors of the debtor or conferred an unfair advantage on the claimant; and (3) equitable subordination must not be inconsistent with the bankruptcy laws. *See, e. g., Westgate California Corporation v. First National Finance Corporation*, 650 F.2d 1040 (9th Cir. 1981); *In re Westgate California Corporation*, 642 F.2d 1174, 1177–78 (9th Cir. 1981); *In the Matter of Multiponics, Inc.*, 622 F.2d 709, 713 (5th Cir. 1980); *In the Matter of Mobile Steel*, 563 F.2d 692, 700 (5th Cir. 1977). The fundamental aim of equitable subordination is "to undo or offset any inequality in the claim position of a creditor that will produce injustice or unfairness to other creditors in terms of the bankruptcy

---

Moreover, while a district court may grant relief from a judgment under Fed.R.Civ.P. 60(b)(6) only upon a showing of "exceptional circumstances," *see United States v. Cirami*, 535 F.2d 736, 741 (2d Cir. 1976), the bankruptcy court may re-examine a claim that has been reduced to judgment if "equitable considerations," a less stringent and more nebulous standard, so require, *see Margolis v. Nazareth Fair Grounds and Farmers Market*, 249 F.2d 221, 224 (2d Cir. 1957).

**10.** The decision of the Court of Appeals for the Eighth Circuit in *Kapp v. Naturelle, Inc.*, 611

F.2d 703 (8th Cir. 1979), is distinguishable from the case at bar and *Margolis*. In *Kapp, supra*, the court refused to allow the bankrupt to collaterally attack thirteen default judgments rendered by a state court where the bankrupt had done nothing to defend the state court action. 611 F.2d at 706.

**11.** The inequitable conduct need not be fraudulent. *See, e. g., In the Matter of Multiponics, Inc.*, 622 F.2d 709, 720 (5th Cir. 1980); *In the Matter of Mobile Steel Co.*, 563 F.2d 692, 699 (5th Cir. 1980).

results." *In re Westgate California Corporation*, 642 F.2d 1174, 1177 (9th Cir. 1981) (*quoting In re Kansas City Journal-Post Co.*, 144 F.2d 791, 800 (8th Cir. 1944)). Since equity will not enforce a penalty, bankruptcy courts may not subordinate claims where doing so will operate only to penalize the claimant. *In re Westgate California Corp.*, 642 F.2d 1174, 1178 (9th Cir. 1981).

■ The Plaintiff's misconduct of obtaining a judgment when it had no claim against the debtor has resulted in injury to the creditors of the debtor. Through its misconduct, the Plaintiff has obtained a judgment lien giving it a secured position against the real property of the debtors, an asset that would otherwise be available to satisfy the claims of other creditors. Since the Plaintiff has no real claim against the debtors, it would be inequitable to allow the Plaintiff to have priority over, or to share with, the true creditors of the debtors. Moreover, the Plaintiff is not being "penalized" since he has no true claim against the debtors. Under these circumstances the court could subordinate the Plaintiff's claim to those of the other creditors, and transfer the Plaintiff's judgment lien to the estate.[12]

As previously discussed, under the rationale of the court in *Margolis* the trustee would not be barred by the doctrines of *res judicata* or collateral estoppel from seeking equitable subordination in determining the effect to be given a State Court judgment. Moreover, an examination of New York doctrines of *res judicata* and collateral estoppel reveals that those doctrines would not bar such relief in the instant case. Under the New York doctrine of *res judicata* the parties are barred from relitigating the same cause of action in a second proceeding. Collateral estoppel precludes relitigation of an issue decided in a prior proceeding. *See* D. Siegel, New York Practice § 443 pp. 56–87

(1977). Thus, collateral estoppel runs to issue preclusion while *res judicata* concerns claims preclusion. *See Schwartzberg v. Califano*, 480 F.Supp. 569, 574 (S.D.N.Y. 1979).

Equitable subordination does not deal with the existence or non-existence of the debt, but rather involves the question of order of payment. *See Pepper v. Litton*, 308 U.S. 295, 310, 60 S.Ct. 238, 247, 84 L.Ed. 281 (1939). Since equitable subordination neither destroys nor impairs Plaintiff's rights *against the debtor* (the judgment, if not the lien, survives even if Plaintiff's claim is subordinated), it could be argued that the claimant must rely on collateral estoppel rather than *res judicata*. However, whether claimant's proper defense is *res judicata* or collateral estoppel, a prior judgment cannot be used against a party who did not have a "full and fair opportunity" to appear in the original action.

■ The proper party to seek equitable subordination is the trustee. In seeking to subordinate Plaintiff's claim to the claim of the other creditors, the trustee acts as the representative of the creditors, not the debtor. *See In re Westgate California Corporation*, 642 F.2d 1174, 1177 (9th Cir. 1981); *In the Matter of Multiponics, Inc.*, 622 F.2d 709, 713, 721 (5th Cir. 1980); *In the Matter of Mobile Steel Co.*, 563 F.2d 692, 699 (5th Cir. 1977); *In re Kansas City Journal-Post Co.*, 144 F.2d 791, 800 (8th Cir. 1944).[13] As the creditors of the debtors were not parties to the State Court action, and as the State Court judgment was rendered on default because of the gross incompetence of the debtors' counsel therein, the trustee did not have a "full and fair opportunity" to litigate the merits of the Plaintiff's claim. *See, e. g., Schwartz v. Public Admin. of Co. of Bronx*, 24 N.Y.2d 65, 298 N.Y.S.2d 955, 246 N.E.2d 725 (1969); *Read v. Sacco*, 49

---

**12.** Under 11 U.S.C. § 510(c) the court may both: (a) subordinate a claim; and (b) order that any lien securing such a subordinated claim be transferred to the estate. The word "or" after subsection 510(c)(1) is not exclusive. *See* 11 U.S.C. § 102(5).

**13.** Under 11 U.S.C. § 510(c) claims may be subordinated to other claims, but not to interests. *See* 124 Cong.Rec.H.11,095 (Sept. 28, 1978) (Remarks of Rep. Edwards); S17,412 (Oct. 6, 1978) (Remarks of Sen. DeConcini). Accordingly, subordination of creditor's claim benefits other creditors, but not the debtor.

A.D.2d 471, 375 N.Y.S.2d 371 (2d Dept. 1975). Accordingly, the trustee is not barred by collateral estoppel or *res judicata* from moving the court for an order subordinating Plaintiff's claim. *Cf. Heiser v. Woodruff,* 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946) (trustee barred from seeking equitable subordination of claim upon theory which both he and the bankrupt had litigated fully in earlier proceedings). Upon the evidence adduced at the hearing, the trustee would be entitled to an order subordinating Plaintiff's claim and transferring its lien to the estate.

### V.

#### *Conclusion*

For the reasons set forth above, the Plaintiff's request for relief from stay is denied.

Settle order on five (5) days notice.