In re MEDOMAK CANNING, Debtor.

ACME ENGINEERING COMPANY,
Cara Corporation, Cross–Claim
Plaintiffs,

v.

BAYSIDE ENTERPRISES, INC., Poultry Processing, Inc., and Bernard J.
Lewis, Cross–Claim Defendants.

Bankruptcy No. 186–00126.
Adv. No. 187–0086.

United States Bankruptcy Court,
D. of Maine.

June 15, 1989.

Richard E. Poulos, Portland, Me., for defendants Bayside and Poultry Processing.

Sidney St. F. Thaxter, Curtis, Thaxter, Stevens, Broder & Micoleau, Portland, Me., for Acme Engineering.

Daniel W. Sklar, Sleehan, Phinney, Bass & Green, Manchester, N.H., for Cara Corp.

Dennis G. Bezansen, So. Portland, Me., Trustee.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Bankruptcy Judge.

Bayside Enterprises, Inc. ("Bayside") and Poultry Processing, Inc. ("P.P.I.") seek by motion to dismiss Acme Engineering Company's ("Acme") and Cara Corporation's ("Cara") cross-claims asserting equitable subordination[1] on the grounds that claimants have failed to state a claim on which relief can be granted. Fed.R.Civ.P. 12(b)(6). Bayside and P.P.I. additionally assert that Acme and Cara are barred from asserting their claim by the doctrine of *res adjudicata*. This action is a core proceeding within the meaning of 28 U.S.C. § 157.

On April 7, 1986 an involuntary chapter 7 petition was filed against Medomak Canning Co. ("debtor"). An order for relief was entered on April 18, 1986. The trustee, on June 6, 1986, filed a motion to sell

---

1. In the memorandum accompanying Bayside's and P.P.I.'s motion to dismiss cross-claims of Cara and Acme the movants treat Acme's cross-claim, which alleges only equitable estoppel, as a claim grounded on equitable subordination "[s]ince the essence of this allegation appears to be equitable subordination."

the property of the estate free and clear of liens to which Bayside and P.P.I. objected. On June 25, 1986 after notice and a hearing and after Bayside and P.P.I. withdrew their objections this Court allowed the trustee's motion and in its order required that the proceeds from the sale be held in escrow with valid liens to attach to those proceeds. On June 5, 1987 the trustee, Bayside and P.P.I. filed a "Joint Application for the Approval of a Compromise" ("compromise") as settlement of the dispute concerning entitlement to the proceeds of the sale of those assets. After notice and a hearing on July 1, 1987 at which cross-claimants Acme and Cara were represented by counsel, this Court entered an order granting the compromise. At no time did either Acme or Cara object to the compromise on the theory of equitable subordination of Bayside's and P.P.I.'s claims. Acme's objection only sought clarification that the validity and priority of their asserted *secured* (emphasis added) claim would be determined before the trustee disbursed any proceeds to Bayside and P.P.I. The pertinent provisions of the compromise are as follows:

1. That compromise No. 1 be and hereby is in all respects approved.[2]

3. That the objection of Acme Engineering Company to compromise No. 1 is overruled on the grounds that Acme Engineering Company's objection is addressed favorably by compromise No. 1 in that compromise No. 1 does not determine the said creditors priority or right to proceeds of the sale of the debtor's real and personal property; rather the validity, nature and extent, priority, allowability and amount of the claim of the various creditors shall be subsequently determined in an action to be brought by the trustee.

6. That as between the trustee, Bayside and P.P.I., Bayside shall have an allowed secured claim in the amount of $186,-573.72 as of June 2, 1987, plus attorneys fees of $15,000.00; and P.P.I. shall have an allowed secured claim for a warehousemans' lien for the Blake Building in Portland, Maine and Verney Mill in Brunswick, Maine in the total amount of $121,551.48; and P.P.I. shall have an allowed secured claim in the amount of $999,967.25 as of June 1, 1987, plus attorneys fees of $35,000.00 based on a second mortgage on the debtor's business real estate and a security interest in the debtor's inventory, machinery, equipment, fixtures, accounts receivable and general intangibles.

7. Notwithstanding paragraph 6 above of this Order, the priority of the claims of Bayside and P.P.I. specified in paragraph 6 above shall be subsequently determined by this Court in an adversary proceeding to be instituted by the trustee against Bayside and P.P.I. and all other claimed secured claimants in the proceeds of the debtor's real and personal property including those specified in paragraph III E and F of compromise No. 1.

8. Notwithstanding paragraph 7 above Bayside and P.P.I. shall pay or satisfy (which shall include a written release and withdrawal of all claims against the trustee and estate) the claims of Ingersol–Rand (filed in the amount of $10,900), Foxboro Terminals (filed in the amount of $3,731.97) and Fore River Warehousing and Storage Company, Inc. (filed in the amount of $17,661.62).

9. That other than those claims specified in paragraph 6 above, any and all claims of P.P.I., Bernard J. Lewis and Suzanne Lewis against the trustee and estate herein shall be and hereby are allowed *but subordinated to all other unsecured claims against the debtor's estate* (emphasis added).

10. Within ten (10) days of the date a judgment of this Court becomes final with reference to the complaint to be filed by the trustee determining the nature, extent, validity, priority, amount, avoidability, and/or allowability of all *claimed secured claims* against the proceeds of sale of the debtor's real and personal property (now held by the trustee), the trustee shall distribute from the

---

2. Only compromise number one relates to these cross-claimants.

proceeds of sale of the debtor's real and personal property, cash and accounts receivable until said funds are exhausted, *secured claims as allowed by the Court in the priority fixed by the Court provided that the secured claims of Bayside and P.P.I. as specified in paragraph 6 above shall be deemed allowed as between the trustee and the said secured claimants* (emphasis added).

11. That contemporaneously with the distribution to Bayside and P.P.I. specified in paragraph 10 above, *Bayside and P.P.I. shall pay to the trustee the sum of $250,00 as property of the estate free and clear of all liens, encumbrances, claims or other interests* (emphasis added).

12. That Bayside, P.P.I., Bernard J. Lewis, the probate estate of George I. Lewis and Suzanne Lewis shall execute and deliver general releases which releases shall effect a release of any and all claims said parties may have against the trustee and estate herein except as may arise under the terms of compromise No. 1.

13. That contemporaneously with delivery of the releases specified in paragraph 12 above the *trustee shall execute and deliver general releases which shall release any and all claims he may have against Bayside, P.P.I.,* Bernard J. Lewis, the probate estate of George I. Lewis and Suzanne Lewis, except as may arise under the terms of compromise No. 1 (emphasis added).

Acme asserted that it held a valid, properly perfected mechanic's lien arising from the installation of a boiler on the debtor's premises during 1985. Judgment on the lien was entered in Superior Court on February 9, 1986 in the amount of $157,000.00.

By order of this Court dated August 20, 1987 the compromise was allowed and no party has appealed. That order determined the validity and amount of Bayside's and P.P.I.'s properly perfected secured claims. The order addressed Acme's objection by leaving open the issue as to whether there were any other properly perfected secured claims with superiority by requiring the trustee bring an adversary proceeding to determine the "validity, extent, priority, allowability and amount of the secured claims of various creditors." In accordance with paragraph 7 of the Court's order the trustee filed the present adversary proceeding on September 24, 1987 from which the issues presently before this Court arise.

In response to the trustee's complaint, after discovering that their claims were not properly perfected or that the collateral securing the claims lacked sufficient value, Acme and Cara filed cross-claims seeking to share in the proceeds of the sale not on a theory that they had properly perfected secured claims, but upon the theory of equitable subordination.

On April 14, 1989 Bayside and P.P.I. filed a motion to dismiss the cross-claims and a motion for summary judgment against Acme and Cara. In their motion Bayside and P.P.I. assert that the claimants lack standing and are additionally barred from asserting their claim by the doctrine of *res adjudicata.*

■ A motion to dismiss under Fed.R. Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted can be considered by the Court as a motion for summary judgment if matters outside the pleadings are presented and not excluded by the Court. Fed.R.Civ.P. 12(c). This Court is determining the present matter as a motion for summary judgment and is doing so by considering two matters outside the pleadings; the order allowing the sale of assets free and clear of liens dated June 25, 1986 and the order allowing the compromise dated August 20, 1986.

■ The proper party to assert equitable subordination is the trustee. *In Re Lockwood,* 14 B.R. 374, 381 (Bank.E.D.N.Y. 1981). The trustee acts as the representative of all creditors and therefore may assert equitable subordination against an individual creditor. *Id.* As has been the law in the majority of jurisdictions for many years, unless the trustee fails or refuses to contest a creditor's claim on grounds of equitable subordination and the Court then grants a general creditor leave to contest the claim, a general creditor does not have

standing to assert the doctrine of equitable subordination. *In Re Werth,* 54 B.R. 619, 622 (D.Colo.1985); *In Re Parker Montana Co.,* 47 B.R. 419, 421 (D.Mont.1985); *In Re Charter Co.,* 68 B.R. 225, 227 (Bank.M.D. Fla.1986); *In Re Ludwig Honold Mfg. Co.,* 30 B.R. 790, 792 (Bank.E.D.Penn.1983).

In the present case the trustee after negotiations, notice and a hearing entered into a compromise in dispositive settlement of all existing and potential claims and cross-claims between the estate, the trustee, Bayside and P.P.I. All issues of equitable subordination of the claims of Bayside and P.P.I. to the claims of any other creditor were subsumed in the compromise. The only issue left open by the sale of assets free and clear of liens and by the order of compromise is whether there were other secured claims entitled to share in the proceeds.

It is clear from paragraph 13 of the compromise that the trustee released any and all claims the estate had against Bayside, P.P.I. Bernard Lewis and others. Part of the consideration for that release, as stated in paragraph 11, was Bayside's and P.P.I.'s payment of $250,000 to the debtor's estate. Additionally, Bayside and P.P.I. agreed that any other claim they might assert would be subordinated to all other creditors of this debtor's estate.

Summary judgment is entered on behalf of Bayside and P.P.I. pursuant to Fed.R. Civ.P. 56 on the cross-claims filed by Acme and Cara. Both Acme and Cara are barred by the doctrine of *res judicata* from relitigating the issue of equitable subordination and equitable estoppel. An appropriate order consistent with this opinion will be entered.

