■ LEROY MITCHELL, Respondent, v. INSURANCE CO. OF NORTH AMERICA et al., Appellants.— In an action to recover damages for fraud, defendants appeal from an order of the Supreme Court, Kings County, dated December 2, 1970, which (1) denied their separate motions to dismiss plaintiff's complaint pursuant to CPLR 3211 (subds. 5, 7 [Special Term treated the motions as for summary judgment]) and (2) on renewals of said motions adhered to the original decision. Order reversed, on the law, and motions of all defendants to dismiss the complaint granted, with one bill of $10 costs and disbursements jointly to appellants appearing separately and filing separate briefs. In November, 1960, the trial of plaintiff's previous personal injury action arising

out of an accident in 1952 ended in a jury disagreement. During the trial, appellants Roberts and Stelber Cycle Corp. introduced into evidence a writing purportedly signed by plaintiff in 1952, which tended to exonerate them from responsibility for the accident. Plaintiff contended at the trial that the writing had been fraudulently obtained from him. Thereafter, in February, 1961, that action was dismissed for failure of plaintiff to appear at the retrial. A motion to restore the previous action to the Trial Calendar was denied in 1962 and that determination was affirmed on appeal. A subsequent similar personal injury action was dismissed as having been barred by the Statute of Limitations applicable to such actions. In the instant case, brought in 1966, plaintiff alleges that defendants conspired to deprive him of compensation for money damages in that they fraudulently obtained the 1952 writing from him. In denying the motions to dismiss the complaint, Special Term held, *inter alia*, that while the same issues of fraud were involved on the trial of the negligence action, and on subsequent appeals, the complaint herein was nonetheless maintainable, since no determination on the merits had ever been made on those issues. We disagree with that conclusion. Public policy demands an end to litigation. The general rule is that the effectiveness of a judgment may not be impeached in another lawsuit (*Tomasello Bros.* v. *Friedman,* 57 Misc 2d 817, affd. 32 A D 2d 652; *Kology* v. *Maplewood Homes,* 36 A D 2d 538) and a prior default judgment bars a subsequent suit on issues which were or could have been determined in the earlier action (*Goebel* v. *Iffla,* 111 N. Y. 170; *Goldfarb* v. *Cranin,* 35 Misc 2d 126). In the case at bar, it is uncontroverted that plaintiff commenced this fraud action some 14 years after the accident. While it is conceivable that the 1960 mistrial may have resulted from the introduction of the purported fraudulent writing, the dismissal of the first personal injury action, the refusal of the court to vacate the dismissal, and the barring of the subsequent personal injury action based on the same accident, stemmed, not from the alleged tainted document, but rather from the unexplained failure of plaintiff *inter alia* to proceed with the retrial or timely move to vacate the dismissal. Furthermore, the genuineness of the disputed document was in issue during the 1960 trial and that issue undoubtedly would have been before the trial court had there been a retrial. Plaintiff is guilty of such gross laches as not to be entitled to maintain this action. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.