**In re Edward Lee BLACK, SS # 585–05–2472, a/k/a Ed Black, Debtor.**

**PHASE I INCORPORATED, Plaintiff,**

v.

**Edward Lee BLACK, Defendant.**

**Bankruptcy No. 81–01001 R A.**
**Adv. No. 81–0727 M.**

United States Bankruptcy Court,
D. New Mexico.

March 18, 1982.

Jeffrey J. Dempsey, Albuquerque, N. M., for plaintiff.

Theodore C. Baca, Albuquerque, N. M., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came on for hearing January 21, 1982.

Simply stated, the issue before the Court is whether the bankruptcy court is bound by the judgment and record of a prior state court lawsuit in deciding whether debts are nondischargeable pursuant to 11 U.S.C. Section 523(a)(2)(A) (1978).

On March 5, 1981, a default judgment was entered against the defendant in Bernalillo County (New Mexico) District Court. The judgment stated that the defendant was liable to the plaintiff for a total sum of $9,026.88, bearing a per annum interest rate of 8% until the sum was paid off. The defendant filed a petition in bankruptcy October 1, 1981. In response to the filing of said bankruptcy petition, plaintiff filed its proof of claim representing the balance due pursuant to the state court default judgment. The plaintiff further filed a complaint to determine dischargeability of the debt arising from the state court de-

fault judgment entered against the defendant.

Plaintiff asserts that the debt is nondischargeable pursuant to 11 U.S.C. Section 523(a)(4) and (6) (1978) on the grounds that the debt arose as a result of acts of fraud on the part of the defendant. In support of its assertion of fraud, plaintiff submits that the default judgment entered in state district court was based on findings of fraud. Although the state court judgment itself is silent as to fraud, plaintiff argues that the nature of a default judgment is that the allegations in the underlying complaint become findings of fact and are deemed admitted. Therefore, the bankruptcy court is bound by the findings of fraud of the state court judgment.

The defendant, however, argues that the bankruptcy court is not bound by the default judgment entered in state district court and may examine evidence extrinsic to both the state court judgment and record in determining nondischargeability. Further, it is asserted that the state court judgment makes no specific findings of fraud.

Both parties rely on the law pronounced in *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), for the proposition that under certain circumstances, the bankruptcy court is not bound by state court judgments in determining questions of dischargeability. The defendant argues that the circumstances herein are those permitting *Brown* to apply; the plaintiff argues that circumstances herein are sufficiently unlike those of *Brown*, thereby causing it to be outside the specific holding in *Brown*.

*Brown* held that the bankruptcy court is not confined to a review of the judgment and record in the prior state court proceeding when considering dischargeability of the debtor's debt. *Id.* at 138–139, 99 S.Ct. at 2212. Mr. Justice Blackmun extensively addressed the issue of the *res judicata* effect of a state court judgment in regard to dischargeability of a debt under § 17 of the Bankruptcy Act of 1898. *Res judicata* should be applied sparingly since it "may

govern grounds and defenses not previously litigated, however, it blockades unexplored paths that may lead to the truth." *Id.* at 132, 99 S.Ct. at 2209. Further, he remarked that in light of the fact that in most state court collection suits, the issue of dischargeability of a debt in the bankruptcy context is irrelevant, state law generally differs from federal law in regard to acts of fraud. Indeed, in state court collection actions, a bankruptcy proceeding is a hypothetical situation which state courts need not face.

The basis of the *Brown* decision appears to lie on the fact that dischargeability questions are specialized issues to be tried specifically to a bankruptcy court. Forcing state courts to address and be responsible for matters regarding dischargeability would undercut congressional intent to commit § 17 issues to the jurisdiction of the bankruptcy court. *Id.* at 135, 99 S.Ct. at 2211.

The rationale of *Brown* particularly was applied in relation to the Bankruptcy Act of 1898, however, said rationale is equally applicable to cases falling under 11 U.S.C. Sections 523(a)(2), (4) and (6) (1978). *In re Eskenazi (Seven Elves, Inc., v. Eskenazi)*, 3 C.B.C.2d 20, 6 B.C.D. 1140, 6 B.R. 366 (Bkrtcy. 9th Cir. 1980). Likewise, cases interpreting dischargeability provisions under the Bankruptcy Act of 1898 are applicable to the Bankruptcy Code of 1978. *In re Hospelhorn (Livingston v. Hospelhorn)*, 5 C.B.C.2d 660, 18 B.R. 395 (Bkrtcy.S.D. Ohio 1981); *In re Green (Hennessey Cadillac, Inc. v. Green)* 2 C.B.C.2d 905, 5 B.R. 247 (Bkrtcy.N.D.Ga.1980); *In re Miller (Fournet v. Miller)*, 2 C.B.C.2d 849, 5 B.R. 424 (Bkrtcy.W.D.La.1980).

■ It appears to this Court that bankruptcy courts may look behind a state court judgment to determine if the basis for liability of a debtor is in fact fraud, and thus determine whether the debt is nondischargeable. *In re Ashley (Thomas v. Ashley and Dixson)*, 2 C.B.C.2d 949, 6 B.C.D. 655, 5 B.R. 262 (Bkrtcy.E.D.Tenn.1980).

■ Since the policy of the Bankruptcy Code is to provide debtors with a fresh start

**536**

and since one of the important elements of the fresh start is to release debtors from debt in order to become financially rehabilitated, it seems particularly important that this Court be free to investigate circumstances surrounding debtors' liabilities in the bankruptcy context.

Therefore, this Court finds that it is not limited to the state court judgment and record relating to the plaintiff's claim in determining dischargeability of said claim. Consequently, this Court will consider evidence extrinsic to the state court judgment and record in order to determine dischargeability of the plaintiff's claim.

An appropriate order will enter.