In the matter of James T. FARRELL and Elizabeth A. Farrell, Debtors.

Bankruptcy No. 180–05449–A256.

United States Bankruptcy Court, E.D. New York.

Dec. 15, 1982.

Barst, Mukamal & Babitt, New York City, for debtors; James Pagano, Jeffrey Fogelson, New York City, of counsel.

David Halperin, P.C., New York City, for ESIC Capital, Inc.; Howard Slotnick, New York City, of counsel.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Bankruptcy Judge.

James and Elizabeth Farrell filed a petition for relief and plan pursuant to Chapter 13 of the Bankruptcy Code. In their Chapter 13 Statement under the Section entitled "11a Secured debts," the sum of $140,548 is listed by them as the amount claimed by ESIC Capital, Inc. (hereafter "ESIC") secured by a second mortgage executed by James Farrell on the Farrell residence.

The claim is listed as disputed with an indication that nothing is owed ESIC.

The Farrell's Chapter 13 plan states that "the debtors propose to pay secured creditors outside of the plan as follows: "Dime Savings Bank—Mortgage—$564.00 per month, Republic National Bank—Mortgage—$138.00 per month, ESIC Capital Corp. (Disputed)." The plan further provides for 100% payment to unsecured creditors over a period of three years.

At the hearing on confirmation ESIC filed an objection to the confirmation of the plan on the ground that the plan does not provide for satisfaction of its secured claim. In addition, ESIC filed a secured proof of claim in the sum of $129,372.89 together with interest from June 2, 1980, at the rate of 14 per cent per annum plus attorneys' fees in the amount of $8,000. Attached to the proof of claim is a copy of a judgment of foreclosure and sale procured by ESIC on the debtors' residence.

The factual history of the relationship between ESIC and the Farrells to the extent that it is not in dispute is as follows:

In November, 1971, James T. Farrell purchased F & J Industries, Inc. ("F & J"). Following the purchase, James and Elizabeth Farrell entered into an agreement with ESIC which provided as follows: 1) ESIC lent F & J the sum of One Hundred Twenty-Five Thousand ($125,000.00) dollars for a term of seven (7) years. Interest was fixed at fourteen (14%) percent per annum. 2) the repayment of the loan was jointly and severally guaranteed by the Farrells and 3) James T. Farrell, executed and delivered to ESIC a second mortgage on the Farrells' residence, title to which is held by James Farrell alone, as security for the loan.

In November of 1979, F & J ceased doing business. F & J failed to pay its debt to ESIC and the Farrells defaulted on their guarantee. As a result, ESIC commenced an action in the Supreme Court of the State of New York, Nassau County, in January, 1980 to foreclose its second mortgage. The debtors failed to answer within the statuto-

ry time period and thus defaulted. Prior to the formal entry of a judgment, the debtors sought a stipulation from ESIC allowing them to file a late answer. ESIC refused to stipulate.

Mr. Farrell made a motion in state court to open his default in pleading and obtain an extension of time to serve his answer. He asserted that the default was excusable and that there were meritorious defenses to ESIC's claim. The defenses as set forth in his moving papers consisted of the following:

1. It was impossible for the debtors to perform because the City of New York forced a closing of the store during the New York visit of Fidel Castro; the store was on the same block as the Cuban Embassy to the United Nations. The street was closed off to the public for security reasons.

2. The debtors had paid ESIC $4,000 in interest payments which were applied to a further advance of $50,000 made by ESIC which had increased the aggregate amount of advances to $175,000.

3. The foreclosure action could not affect the debtor, Elizabeth Farrell, because she did not co-sign the mortgage agreement, but was a joint owner of the residence.[1]

The State Court denied Mr. Farrell's motion on March 18, 1980. This determination was never appealed. On July 30, 1980 a judgment of foreclosure was entered.

Less than one week before the scheduled sale of the property, the debtors filed their Chapter 13 petition. The filing of the petition automatically stayed the sale of the property in accordance with Section 362 of the Bankruptcy Code (11 U.S.C. Section 362). In response, ESIC filed its objections to the confirmation of the plan.

ESIC asserts that its claim cannot be considered under dispute as it has already been litigated and a judgment of foreclosure has entered. The debtors contend that they have meritorious defenses to the fore-

closure and that this court should look behind the state court foreclosure judgment to examine and determine the validity of those defenses at a full trial. Debtors' defenses include allegations that ESIC's loan was usurious as well as the other defenses that were previously asserted in James Farrell's motion to vacate default. ESIC claims that principles of res judicata prevent the bankruptcy court from looking behind the state court judgment.

It is clear that the bankruptcy court by virtue of 28 U.S.C. Section 1738 is to give full faith and credit to a prior final state court judgment in the same manner as would the court in that state pursuant to the Full Faith and Credit Clause of the Constitution. *In re Lockwood,* 14 B.R. 374, 377, 8 B.C.D. 128 (Bkrtcy.E.D.N.Y.1981); *In re Bus Stop, Inc.,* 3 B.R. 26, 6 B.C.D. 138 (Bkrtcy.S.D.Fla.1980). Res judicata requires that a valid final judgment on the merits by a court of competent jurisdiction be treated as an absolute bar to the assertion of claims or defenses in a subsequent action based on the same cause of action involving the same parties whether or not such claims or defenses were pleaded or determined in the prior proceeding. *Teltronics v. L.M. Ericsson Telecommunications,* 642 F.2d 31 (2d Cir.1981), *cert. den.* 452 U.S. 960, 101 S.Ct. 3108, 60 L.Ed.2d 971 (1981). Both the federal district courts and the New York courts hold that this is so even if the prior judgment was entered on default. 18 Moore's Federal Practice, paragraph 0.409(4) (2d. ed. 1982). *Newton v. Hook,* 48 N.Y. 676 (1872); *Mitchell v. Insurance Co. of America,* 40 A.D.2d 873, 338 N.Y.S.2d 92 (A.D.2d Dep't.1972).

The test for determining whether the causes of action are the same in both proceedings has been stated by the Second Circuit in *Herendeen v. Champion International Corp.,* 525 F.2d 130, (2d Cir.1975) in the following manner:

"Most frequently cited as the relevant criteria by both this court and the New York courts are whether a different judg-

---

1. During the course of these proceedings it was conceded that Elizabeth Farrell is not a joint owner of the residence and it is solely owned by James Farrell.

ment in the second action would impair or destroy rights or interests established by the judgment entered in the first action, whether the same evidence is necessary to maintain the second cause of action as was required in the first, and whether the essential facts and issues in the second were presented in the first." *Id.* at 133–4.

Obviously, a determination by this court that ESIC does not have a valid claim thereby invalidating ESIC's judgment of foreclosure would destroy rights established by the state court judgment. Additionally, since this court would have to look to the law of the State of New York to determine the validity of the defenses raised regarding impossibility of performance and usery and the validity of ESIC's loan and security, the same evidence is necessary to a determination in this proceeding as would have been required in the prior proceeding. Lastly, this court is not aware of any facts or issues which exist now that did not exist at the time of the earlier proceeding nor is it aware of any issues that could not have been raised earlier. Therefore, if the general rule requiring the application of res judicata is to prevail, this court must find that the state court proceedings are res judicata as to the Farrells' defenses to ESIC's objection to confirmation.

The debtors argue that the Supreme Court decision in *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979) gives this court the authority to look behind the state court judgment and allow the debtors to submit evidence designed to prove the allegations they believe would constitute defenses to ESIC's foreclosure action and its objection to confirmation in the within proceeding, notwithstanding principles of res judicata and full faith and credit. In *Brown v. Felsen,* Brown had guaranteed a loan made by Felsen, the debtor, for Felsen's car dealership corporation. The lender brought a collection suit naming Brown, Felsen and Felsen's corporation as defendants. Brown submitted an answer and cross-claim alleging the non-disclosure of material facts. The suit was settled by stipulation which provided that the defendants, Brown, Felsen and the Corporation, were jointly and severally liable to the lender and that Felsen was liable to Brown, although the first cause of action on which Felsen's liability to Brown was based, was not disclosed in the stipulation or the resulting judgment. Thereafter, Felsen filed a petition in bankruptcy and listed the debt to Brown in his petition. Brown brought an action pursuant to Section 17a(2) and Section 17a(4), the nondischargeability sections of the Bankruptcy Act, seeking to have the guaranteed debt declared nondischargeable on the ground that it was a product of fraud, deceit and malicious conversion. The debtor made a motion for summary judgment contending that the prior state court proceeding did not result in a finding of fraud and that this finding cannot now be made because the concept of res judicata bars relitigation of the nature of Felsen's debt to Brown. The Supreme Court, reversing the holdings of the court below, rejected the contention that res judicata applied and held that "the bankruptcy court is not confined to a review of the judgment and record in the prior state court proceedings when considering the dischargeability of respondent's debt." *Id.* at 138–139, 99 S.Ct. at 2213.

The rationale for the decision in *Brown v. Felsen* was twofold. First, the Supreme Court believed that application of res judicata to that case would force future litigants to raise and try the precise issues contained in the Section 17 nondischargeability provisions of the Bankruptcy Act on the mere happenstance that a debtor will file a petition in bankruptcy in the future. This would serve to undercut the public policy that encourages orderly and speedy adjudication of rights. Second, the court recognized that to hold a prior state court judgment res judicata on a dischargeability question that arises in a subsequent bankruptcy would be inharmonious with the Congressional intent underlying the 1970 amendments to the Bankruptcy Act which vested exclusive jurisdiction over Section 17a(2), (4) and (8) issues in the Bankruptcy Court by prohibiting post-bankruptcy state

court collection suits involving those dischargeability issues.

Thus, the decision in *Brown* is grounded on the fact that the issue before the court was one involving the dischargeability of a debt. The holding of the court expressly delineates that it applies where dischargeability is an issue: "In sum, we reject respondent's contention that res judicata applies here and we hold that the bankruptcy court is not confined to a review of the judgment and record in the prior state court proceedings *when considering the dischargeability of a respondent's debt.*" (Emphasis added). In light of this, the application of the *Brown v. Felsen* analysis, that is, the refusal to utilize the doctrine of res judicata, has been limited to questions regarding the dischargeability of a debt, *In re Edward Black,* 18 B.R. 534, 8 B.C.D. 1095, 6 C.B.C.2d 198 (Bkrtcy.N.Mexico, 1982), *In re Jeffrey Lowell Williams,* 3 B.R. 401, 68 B.C.D. 341, 1 C.B.C.2d 1086 (N.D.Georgia, Bkrtcy.1980), *Kapp v. Naturelle, Inc.,* 611 F.2d 703, fn. 6 (8th Cir.1979) and thus should not be utilized in the case at bar.

The next question this court must examine is whether there exists any other basis for refusing to apply the principle of res judicata. It has long been a basic function of the bankruptcy court, both by reason of its equitable powers and the bankruptcy statute, to pass upon the validity of creditors' claims. See 11 U.S.C. Section 502. The question often raised is under what circumstances and to what extent may the bankruptcy court disallow a claim which has been reduced to a final judgment and thereby not apply the principles of res judicata.

In *Pepper v. Litton,* 308 U.S. 295, 306, 60 S.Ct. 238, 84 L.Ed. 281 (1939) the Supreme Court stated that a judgment may be collaterally attacked and a bankruptcy court may disallow it as a claim if the judgment "was obtained by collusion of the parties or is founded upon no real debt." Several years later, the Supreme Court in *Heiser v. Woodruff,* 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946) reiterated the circumstances under which the principle enunciated in *Pepper v. Litton, supra* is to be applied and provided a strong caveat against expanding those perimeters:

"Undoubtedly, since the Bankruptcy Act authorizes a proof of claim based on a judgment, such a proof may be assailed in the bankruptcy court on the ground that the purported judgment is not a judgment because of want of jurisdiction of the court which rendered it over the persons of the parties or the subject matter of the suit, or because it was procured by fraud of a party.... But it is quite another matter to say that the bankruptcy court may reexamine the issues determined by the judgment itself. It has from an early date, been held to the contrary.... Neither *Pepper v. Litton,* supra, on which respondents chiefly rely, nor the other cases which they cite, sustain the contention that the bankruptcy court in passing on the validity of creditors' claims, may disregard the principles of res judicata." *Heiser, supra* at 736, 737, 66 S.Ct. at 857, 858.

The Second Circuit in *Margolis v. Nazareth Fair Grounds & Farmers Market,* 249 F.2d 221 (2d Cir.1957) again citing *Pepper v. Litton* held that in a bankruptcy proceeding where equitable principles require reexamination of the basis for the judgment, res judicata becomes inapplicable to the proceeding. These equitable principles exist according to the court in *Margolis* where the claim upon which the judgment is based is without lawful existence, or the judgment was fraudulently obtained. *See also In re Timenterial, Inc.,* 1 B.C.D. 368 (Bkrtcy.Conn.1973) *aff'd.* 1 B.C.D. 374, 3 C.B.C. 517 (D.Conn.1974); *Kapp v. Naturelle, Inc., supra.* Thus, while res judicata bars the raising of any defense which could have been raised in the prior action, the doctrine by definition should not be applied where a party is prevented by fraud in the prior suit from raising a defense. *Margolis, supra* at 224. In *In re Lockwood,* 14 B.R. 374, 8 B.C.D. 128 (Bkrtcy.E.D.N.Y.1981), *aff'd.* No. CV 81–3462 (Pratt, J. E.D.N.Y. March 18, 1982), the bankruptcy court found that it had before it facts warranting

the application of equitable principles to reexamine the basis of the creditor's judgment and to outweigh the application of res judicata. In *Lockwood,* the state court monetary judgment obtained against the debtors by the creditor upon their default, was founded upon no pre-existing debt. The creditor had not participated in any business dealings with the individual debtors but only with a corporation wherein one of the debtors was the sole shareholder. The debts of the corporation owed to the creditor were not personally guaranteed by either of the debtors. Thus, there was no basis for the creditor to receive a judgment against the individual debtors. Furthermore, the debtors' failure to assert this defense in the state court action and the entry of a default judgment were due solely to their attorney's negligence.

The facts in the case at bar differ significantly from those present in *Lockwood.* The circumstances surrounding the state court judgment obtained against the Farrells do not support a finding that the bankruptcy court should look behind that judgment in order to examine the validity of ESIC's claim. The state court foreclosure judgment was obtained only after the Farrells defaulted on the personal guarantees which they had given ESIC as part of the collateral for the loan. At no time have the Farrells urged that ESIC was not the holder of the second mortgage, nor have they urged that they were precluded by fraud from timely filing an answer and urging any of these defenses in the state court action. In fact, Mr. Farrell brought a motion to vacate the default judgment and extend the time to answer, asserting that he had meritorious claims. The state court denied the motion stating that there had "been no factual presentation to support the conclusion that the defendants had a meritorious defense."

Furthermore, an examination of each of the claimed "defenses" urged by the Farrells shows that they do not constitute the type of defenses from which a court could conclude that ESIC did not have a pre-existing, legally enforceable obligation.

■ The Farrells urge that it was impossible to perform because their business was located on a street that was closed off to the public for a period of time. While this court makes no finding as to the applicability of the principal of impossibility or impracticability of performance to the facts as outlined by the Farrells, even if the defense could apply it would be to no avail. A finding of impossibility discharges the duty to perform once that duty has arisen as a result of a binding agreement. The defense does not operate to render an agreement void or voidable as do defenses which constitute defects to formation such as illegality, fraud or incapacity. *Comment* Restatement (Second) of Contracts Section 7 (1979).

Second, the Farrells' assertion that the foreclosure could not affect Mrs. Farrell because she was not a party to the mortgage, but was a joint owner of the residence, can be dismissed because it is factually incorrect. As was noted earlier, the Farrells were under the mistaken impression that they owned the house as tenants by the entirety. (See Footnote 1).

■ We now come to the defense of usery. Under New York law "all instruments evidencing or securing a usurious transaction are declared to be void and subject to cancellation," pursuant to G.O.L. Section 5–511. Practice Commentary N.Y. G.O.L. Section 5–511 (McKinney 1964). Thus, if usery were found to apply herein, it could qualify as the type of defense which would allow this court to look behind the judgment, notwithstanding principles of res judicata. However, usery is not applicable to this set of facts. Usery is not a defense which can be asserted by a corporation in New York. N.Y.G.O.L. Section 5–521(1) (McKinney 1964). Nor is it a defense that can be raised by individual guarantors of a corporation. *General Phoenix Corp. v. Cabot,* 300 N.Y. 87, 89 N.E.2d 238 (1949); *Am-Elm Realty, Inc. v. Stivers,* 55 A.D.2d 349, 390 N.Y.S.2d 732 (1977). The only exception to this rule occurs where the corporate form of the principal is used to conceal a usurious loan which is in fact made to an individual guarantor *and* the loan is made

to discharge personal debts and obligations of the individual and not in furtherance of a corporate or personal enterprise. *Schneider v. Phelps,* 41 N.Y.2d 238, 391 N.Y.S.2d 568, 359 N.E.2d 1361 (1977). Thus, even if a loan is made through a shell corporation and the true borrower is an individual, the individual cannot avail himself of the defense of usery if he is using the money to further his own business or commercial enterprise. *Leader v. Dinkler Management Corp.,* 20 N.Y.2d 393, 283 N.Y. S.2d 281, 230 N.E.2d 120 (1967).

The attorneys for the Farrells state in their brief that ESIC did not really loan the money to F & J but rather to the debtors. However, the debtors have never asserted that the funds were not used by the corporation or that F & J was a "dummy" corporation organized solely for the purpose of transferring funds from ESIC to the Farrells or that the Farrells used the funds to discharge their personal obligations. On the contrary, in a Rider to the debtors' Chapter 13 petition, the debtors state that the funds were borrowed from ESIC "(i)n order to satisfy a lien which existed on the business and to obtain working capital. . . . "

The debtors have consistently urged that equity dictates their entitlement to a full trial on the merits. It is this court's firm conviction that principles of equity require the opposite result. *See In re Harlow,* 13 B.R. 475, 5 C.B.C.2d 214 (Bkrtcy.D.Vermont 1981). Having found that neither the exceptions illustrated in *Brown v. Felsen, supra* nor *Margolis v. Nazareth, supra* and *Lockwood, supra* apply, this court holds that ESIC's objection to confirmation is sustained and ESIC's prior judgment is to be given res judicata effect thereby barring the claims and defenses asserted by the debtors. ESIC's claim is to be treated as an allowed secured claim with the recognition that ESIC has been awarded a final judgment of foreclosure. The debtors have 30 days to submit an amended plan consistent with this opinion.

SO ORDERED.