In re Benny Salvador GONZALES, a/k/a Benny S. Gonzales, SS #585–10–4058, Debtor.

John A. SALAZAR, Personal Representative of the Estate of Patrick Leonard Salazar, Deceased, Plaintiff,

v.

Benny Salvador GONZALES, a/k/a Benny S. Gonzales, Defendant.

Bankruptcy No. 7–83–00302 MA. Adv. No. 83–0341 M.

United States Bankruptcy Court, D. New Mexico.

Jan. 9, 1984.

Hunter L. Geer, Albuquerque, N.M., for plaintiff.

John F. Caffrey, Albuquerque, N.M., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter has come before the Court, on stipulated facts, for the sole determination of the res judicata effect of the defendant-debtor's stipulation, in state court, to a finding of willful and malicious conduct on his part. Plaintiff contends that that stipulation binds the debtor in this Court and prevents the debtor from objecting to a finding of non-dischargeability of debt under Section 523(a)(6) of the Bankruptcy Code. 11 U.S.C. § 523(a)(6). That section excepts from discharge a debt for willful and malicious injury by the debtor to another entity. *Id.*

The facts, generally, are that the debtor was involved in a traffic accident which resulted in the death of plaintiff's deceased. The debtor admitted to drinking approximately five beers and to driving without a license. As a result of the accident the debtor was convicted of vehicular homicide and was sued in state court upon a complaint for wrongful death. The complaint made the general allegation that the specific acts pled were "willful, malicious, wrongful and deliberate" (Exhibit B to the parties' Stipulated Facts) and the stipulated judgment in the state court proceeding stated: "It is further stipulated and agreed to between the parties that the judgment herein is based on the allegations contained in the Plaintiff's Complaint." (Exhibit C to the parties' Stipulated Facts).

This Court has previously addressed the question of the binding nature of underlying complaints in state court default judgments. *Phase I, Inc. v. Black (In re Black)*, 6 C.B.C.2d 198, 8 B.C.D. 1095, 18 B.R. 534 (Bkrtcy.D.N.M.1982). *Phase I* involved a state court default judgment which contained a count alleging fraud. The creditor contended that since the default judgment was based on the complaint it included a binding finding of fraud. This Court concluded that since the Court never examined the fraud allegations to make its own finding, the Bankruptcy Court was free to make that examination.

The instant case is clearly distinguishable. The grounds for non-dischargeability are willful and malicious injury by the debtor, 11 U.S.C. § 523(a)(6), which requires a finding that the debtor's action was deliberate or intentional. *Pargas v. Poore (In re Poore)*, 37 B.R. 246 (Bkrtcy.D.N.M.1982). Had the stipulation made by the debtor only included the terms "willful and malicious," this Court clearly could look behind the judgment to determine whether that meant reckless disregard, dischargeable under the Bankruptcy Code, *Id.*, or whether the debtor's actions had indeed been intentional. *Phase I v. Black, supra.* However, the debtor stipulated to a judgment based on his act having been deliberate. That being the standard required by the Bankruptcy Code, there is no consideration which would allow this Court to ignore the doctrine of *res judicata* and initiate a new proceeding to determine the deliberateness of the debtor's action. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Phase I, Inc. v. Black, supra.*

Having found that the debtor is bound by his having stipulated to the deliberateness of his action, the Court further finds that plaintiff is entitled to summary judgment on the complaint to determine dischargeability since the debtor is left with no defense to the complaint.

This memorandum constitutes findings of fact and conclusions of law. Bankruptcy Rule 7052.

An appropriate order shall enter.