In re Lucille ALSTON, Debtor.

Lucille ALSTON, Plaintiff,

v.

GRANDEE BEER DISTRIBUTORS, INC., Defendant.

Bankruptcy No. 184–40941 260.
Adv. No. 184 0151.

United States Bankruptcy Court,
E.D. New York.

June 6, 1985.

bankruptcy is filed.

Leboeuf, Lamb, Leiby & MacRae by Peter A. Ivanick, New York City, for plaintiff.

Halpern, Halpern, Axelrod, Kirschenbaum & Phillips, P.C. by Christopher J. Badum, Mineola, N.Y., for defendant.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Chief Judge.

This is an adversary proceeding in which a debtor seeks to have an income execution entered against her and all payments made on it to satisfy a judgment, declared fraudulent conveyances within Section 273 of New York's Debtor and Creditor Law so that she may recover the monies. We dismiss this adversary proceeding for the reasons set forth below.

## I

## FACTS

Lucille Alston (the "debtor") filed a voluntary Chapter 7 petition in bankruptcy on June 5, 1984. A discharge was granted to her on October 4, 1984. Prior to filing, on April 19, 1979, Grandee Beer Distributors, Inc. ("Grandee") sued the debtor and her now estranged husband, Harvey, in New York Supreme Court, Nassau County for payment for goods sold and delivered to Harvey's Deli. At that time the debtor's husband was the sole owner of the Deli. A default judgment for $6,853.55 was entered against both defendants on June 18, 1979. Thereafter, the defendants sought to vacate the default judgment on the ground that service was improper. A hearing was held on the matter at which time the defendants were represented by counsel. The state court found that service was proper and upheld the judgment on August 1, 1980. That order was not appealed by the defendants.

At a deposition in a proceeding to enforce the state court judgment, it was determined that the debtor's husband was not working, but the debtor was. The debtor's salary was garnished via an income execution issued on March 11, 1981 that directed her to pay 10% of her gross wages to the Sheriff. N.Y.Civ.Prac.Law § 5231. For a period of time she made these payments. Upon her default, the income execution was served on her employer on February 10, 1982. Deductions were made directly by the employer and sent to Grandee until the debtor filed her petition in bankruptcy.

In the present adversary proceeding the debtor seeks recovery of all garnishment payments received by Grandee, plus interest, costs and attorneys fees. She challenges the income execution and payments made on it as well as the prior final, state court judgment.

The thrust of her argument is that § 522(h)[1] of the Bankruptcy Code permits

---

**1.** Section 522(h) states:
(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the

extent that the debtor could have exempted such property under subsection (g)(1) of this

her to stand in the shoes of the trustee where the latter failed to avoid a fraudulent conveyance under state law pursuant to § 544[2] of the Code so as to recover exempt property.[3] She contends the income execution and payments on it were fraudulent conveyances within the scope of § 273 New York Debtor and Creditor Law. She claims that entry of the income execution was a transfer without fair consideration and that she was insolvent as the time of the transfer or rendered insolvent by it.

In addition, the debtor challenges the default judgment and argues that equity requires this court to look behind that judgment and undo the garnishment of her wages. She persists in arguing that she had no notice of the state court action and that she owes no debt to Grandee. She maintains that she held no position in the Deli and that she was neither a guarantor of her husband's personal obligations nor of those of the Deli. She asserts that she did not order, sign or accept the goods sold and delivered by Grandee. She claims that

her only involvement with Grandee was one payment she made to it by her own personal check at her husband's request.

In its answer, Grandee requests the adversary proceeding be dismissed for failure to state a cause of action. First, it claims that the debtor does not have standing to bring this suit.

Moreover, Grandee states that the judgment of the state court should be given full faith and credit since it was upheld after an attempt to vacate it failed and any attempt to challenge its validity is time barred. Next it claims there has been no transfer of property of the debtor with regard to the monies deducted by the employer pursuant to the income execution served directly upon it. As to those monies which the debtor herself paid, Grandee argues they were not without fair consideration since all payments received were applied to reduce the balance due under the judgment.

section if the trustee had avoided such transfer, if—
(1) such transfer is avoidable by the trustee under *section 544, 545, 548, 549, or 724(a)* of this title or recoverable by the trustee under section 553 of this title; and
(2) *the trustee does not attempt to avoid such transfer.* (Emphasis added)

2. The debtor does not state the subsection of § 544 on which she bases her complaint. It is to be assumed that she intended that the following provisions of § 544 apply:
(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien, whether or not such a creditor exists;
(2) a creditor that extends credit to the debtor at the time of the commencement of the case and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists. . . .

(b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

3. If assets are recovered by a trustee in bankruptcy they usually would be distributed to creditors according to the scheme set forth in the Bankruptcy Code. However, where a debtor claims recovered property as exempt, she is permitted to retain it herself

In schedule A–3 the debtor lists the debt to Grandee in the approximate amount of $7,854.81 based on the default judgment. In schedule B–4 she claims the proceeds of the present adversary proceeding against Grandee as $2,000 exempt property apparently pursuant to 11 U.S.C. § 522(d)(5). However, New York has chosen to "opt out" of the specific federal exemptions provided for in § 522. Debtors in New York are limited to the exemptions provided for in Article 10–A, §§ 282–84 of its Debtor and Creditor Law. Whether or not the wages in question constitute exempt property has not been challenged.

In light of the decision which follows, it is unnecessary to determine whether the monies are exempt property.

## II

### ISSUES

A. Does a Chapter 7 debtor have standing to commence an action to set aside a conveyance as fraudulent under state law?

B. May the bankruptcy court use its equitable powers to look behind a prior state court default judgment and again determine whether or not a party is liable for a debt?

## III

### DISCUSSION AND CONCLUSIONS OF LAW

#### A

■ The debtor bases her argument on §§ 544 and 522 of the Bankruptcy Code. Section 544 permits a trustee in bankruptcy to avoid the transfer of a debtor's property where the transfer is deemed fraudulent under state law.[4] Section 522(i),[5] in turn, permits a debtor to recover property where a transfer is avoidable under § 544, if the property constitutes exempt property under relevant law and the trustee has not avoided the transfer. Since the trustee did not avoid the transfers in question, the debtor argues that § 522(h) permits her to fill this void and recover property which she claims is exempt. The question then is whether the trustee can avoid the transfers in question under state law.

Underlying the debtor's claim is the notion that the property transferred, (i.e., the wages) was in fact hers. However, the Second Circuit in *In re Riddervold*, 647 F.2d 342 (2d Cir.1981) clearly held that where an income execution is served on a debtor's employer, the payment of wages made by the employer directly to a debtor's creditor is not a transfer of property of the debtor. The Court of Appeals explained:

> In principle it does not appear to us that the [employer's payment to the creditor] constituted a "transfer of property of the debtor." This is not because [the debtor] took no action to cause the payments to be made, since "transfer" is defined to include an involuntary transfer. It is rather because after the sheriff has taken the step described in N.Y.C.P.L.R. § 5231(d), the debtor has no property or interest in property subject to the levy which can be transferred. Service of the income execution on the employer in effect works a novation whereby the employer owes 10% of the employee's salary not to the employee but to the sheriff for the benefit of the judgment creditor. This view is substantiated by the provision in N.Y.C.P.L.R. § 5231(e) that if the employer fails to pay the sheriff, the judgment creditor may sue the employer to recover accrued installments.
>
> It is true that the employer comes under no liability to pay the sheriff until the wages are earned ... But this does not require us to hold that the portion of the salary subject to the income execution vests in the employee for a fleeting second after it has been earned, when in fact the employer becomes bound at that very time to pay it to the sheriff.

*Id.* at 346. It is thus clear that the payments made directly by the employer to Grandee are not subject to attack by the trustee since they were not property of the debtor. Accordingly, they may not be avoided by the debtor even if they would have constituted exempt property.

---

4. Section 544 confers upon the trustee the status to avoid fraudulent transfers. However, the trustee must look to the appropriate state law to define his rights of avoidance. 4 *Collier on Bankruptcy*, §§ 544.01—.03. (15th ed. 1984).

5. Section 522(i) states:
   (i)(1) If the debtor avoids a transfer or recovers a setoff under subsection ... (h) of this section, the debtor may recover in the manner prescribed by, and subject to the limitations of section 550 of this title, the same as if the trustee had avoided such transfer, and may exempt any property so recovered under subsection (b) of this section.
   (2) Notwithstanding section 551 of this title, a transfer avoided under section 544 ... of this title, or under subsection ... (h) of this section ... may be preserved for the benefit of the debtor to the extent that the debtor may exempt such property under subsection (g) of this section or paragraph (1) of this subsection.

■ We turn now to the payments made by the debtor pursuant to the income execution. Section 273 of New York's Debtor and Creditor Law provides:

> Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

Thus, a debtor may convey property if he is insolvent at the time or rendered insolvent by the transfer. The transfer will be deemed fraudulent only if the debtor fails to receive fair consideration in return. Fair consideration is defined by § 272 of New York's Debtor and Creditor Law as follows:

> Fair consideration is given for property, or obligation, a. When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied....

In the present case the state court judgment established that the debtor was responsible for the debt owed to Grandee. The payments made to Grandee were in satisfaction of that judgment. In other words, they were made in satisfaction of an antecedent debt. Thus, they cannot be deemed fraudulent under New York law.

The trustee, therefore, cannot avoid the payments as fraudulent conveyances. Consequently, the debtor, here, cannot avoid them.

### B.

■ Despite the state court default judgment against her and the subsequent denial, after a hearing of a motion to vacate that judgment, the debtor now argues that she owes no debt to Grandee. At no time in the state court proceedings did she raise this defense. Instead, she made payments to Grandee. She now claims this court has the power to look behind and undo the state court judgment. This argument is addressed to the court's equitable powers.

This court's equitable powers pursuant to § 105 of the Bankruptcy Code are indeed broad. But § 105 does not give the bankruptcy court the authority to contravene well established principles of law. In the instant case, the principle of res judicata bars relitigation and requires that the prior final judgment be given full faith and credit.

Res judicata ensures the finality of decisions. Under res judicata,

> 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.

*Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979). "[E]quitable considerations underlying that doctrine require its application in the absence of compelling circumstances to the contrary." *Margolis v. Nazareth Fair Grounds & Farmers Market, Inc.*, 249 F.2d 221, 224 (2d Cir.1957).

In *In re Farrell*, 27 B.R. 241, 243–44 (Bkrtcy.E.D.N.Y.1982) this court considered a situation similiar to the present case and found there were no compelling circumstances which required that res judicata be ignored. We stated:

> It is clear that the bankruptcy court by virtue of 28 U.S.C. Section 1738 is to give full faith and credit to a prior final state court judgment in the same manner as would the court in that state pursuant to the Full Faith and Credit Clause of the Constitution. *In re Lockwood*, 14 B.R. 374, 377, 8 B.C.D. 128 (Bkrtcy.E.D.N.Y. 1981); *In re Bus Stop, Inc.*, 3 B.R. 26, 6 B.C.D. 138 (Bkrtcy.S.D.Fla.1980). Res judicata requires that a valid final judgment on the merits by a court of competent jurisdiction be treated as an absolute bar to the assertion of claims or defenses in a subsequent action based on the same cause of action involving the same parties whether or not such claims or de-

fenses were pleaded or determined in the prior proceeding. *Teltronics v. L.M. Ericsson Telecommunications,* 642 F.2d 31 (2d Cir.1981), *cert. den.* 452 U.S. 960, 101 S.Ct. 3108, 60 L.Ed.2d 971 (1981). *Both the federal district courts and the New York courts hold that this is so even if the judgment was entered on default.* 18 Moore's Federal Practice, Para. 0.409(4) (2d ed. 1982). *Newton v. Hook,* 48 N.Y. 676 (1872); *Mitchell v. Insurance Co. of America,* 40 A.D.2d 873, 338 N.Y.S.2d 92 (A.D.2d Dep't. 1972).

The test for determining whether the causes of action are the same in both proceedings has been stated by the Second Circuit in *Herendeen v. Champion International Corp.,* 525 F.2d 130, (2d Cir.1975) in the following manner:

"Most frequently cited as the relevant criteria by both this court and the New York courts are whether a different judgment in the second action would impair or destroy rights or interests established by the judgment entered in the first action, whether the same evidence is necessary to maintain the second cause of action as was required in the first, and whether the essential facts and issues in the second were presented in the first." *Id.* at 133–4. (Emphasis added).

Applying the criteria enumerated in *Herendeen* to the case at bar, it is clear that the cause of action in the prior state court proceeding and the present action are the same. If this court were to now determine that the debtor does not owe Grandee a debt, that would invalidate the latter's judgment, and therefore, destroy rights established by the state court judgment. The same evidence is necessary to a determination in this proceeding as would have been required in the prior proceeding. The debtor has not presented any facts or issues which exist now that did not exist at the time of the state court action. Finally, the debtor has not presented any issues that could not have been raised earlier. Res judicata, therefore, precludes relitigation here.

The debtor relies on exceptions that have been established to the general rule of res

judicata. As discussed below, we find that none of those exceptions are applicable. In *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the Supreme Court rejected the application of res judicata in a bankruptcy case. However, the *Brown* court expressly limited its holding to issues regarding the dischargeability of a debt. It stated:

[W]e reject respondent's contention that res judicata applies here and we hold that the bankruptcy court is not confined to a review of the judgment and record in the prior state-court proceedings *when considering the dischargeability of respondent's debt.* (Emphasis added).

*Id.* at 138–39, 99 S.Ct. at 2212–13. Consequently, the bankruptcy court's refusal to apply the doctrine of res judicata, as enumerated in *Brown* has been limited to questions regarding the dischargeability of a debt. *Kapp v. Naturelle, Inc.,* 611 F.2d 703, 708 n. 6 (8th Cir.1979); *In re Farrell, supra; In re Black,* 18 B.R. 534, 8 B.C.D. 1095, 6 C.B.C.2d 198 (Bkrtcy.N.M.1982).

The present case does not involve a dischargeability issue. We, therefore, find that the exception to the res judicata illustrated in *Brown* is not applicable to the instant case.

The debtor also relies on the exceptions to res judicata enumerated in *Margolis v. Nazareth Fair Grounds & Farmers Market,* 249 F.2d 221 (2d Cir.1957), and *In re Lockwood,* 14 B.R. 374 (Bkrtcy.E.D.N.Y. 1981). We observe that both *Margolis* and *Lockwood* are distinguishable from the case at bar and, therefore, not applicable. Both cases involved the court's equitable powers in an action to determine the validity of a claim. In contrast, in the instant case the debtor is seeking to obtain a money judgment against a creditor who was enforcing a valid, prior judgment via an income execution.

In *Margolis,* the Second Circuit asserted that equity permitted a bankruptcy court to re-examine the basis for a prior state court judgment where a party was prevented by fraud from raising a valid defense in the first action. The debtor here has not ar-

gued that she was precluded by fraud from timely filing an answer and asserting her defenses in the state court.

In *Lockwood,* an action in which a party sought relief from the § 362 automatic stay, the court stated:

> When a party seeks relief from the stay, the validity of his claim is always a proper matter to be heard and considered in determining whether such relief should be granted. *See* H.R.Rep. No. 595, 95th Cong. 1st Sess. (1977), 344 U.S. Code Cong. & Admin.News 1978, 5787.

*Id.* at 377. The Lockwood court found that the debtors' default in a prior state court action "was not due to the lack of diligence on their part" but was due to the gross incompetence of the debtors' counsel.... *Id.* at 379. The court concluded that " '[u]nder these circumstances the debtors did not have ample opportunity' to have their case heard...." *Id.* at 379–80.

The debtor here does not claim that she was deprived of a "full and fair opportunity" to litigate. She was represented by counsel at the motion to vacate the default judgment which was brought solely on the ground of lack of jurisdiction. The debtor has not argued that her attorney in that action was grossly incompetent or negligent. She cannot now complain that she did not have a full and fair opportunity to be heard and thus indirectly accomplish what res judicata precludes.

Having found the trustee could not avoid the transfers as fraudulent conveyances, so that the debtor lacked standing to do so, and that the prior state court judgment is to be given res judicata effect, we find that the present adversary proceeding should be dismissed.

SO ORDERED.