**In re AEGIS REALTY CORP., Debtor.**

**In re Broadway Heights Associates, LLC., Debtor.**

**Aegis Realty Corp. and Broadway Heights Associates, LLC., Plaintiffs,**

**v.**

**Larry Langer, Defendant.**

**Bankruptcy Nos. 02–16464 RDD, 03–10467 RDD. Adversary No. 0306156.**

United States Bankruptcy Court, S.D. New York.

Oct. 31, 2003.

Law Offices of Avrum J. Rosen, by Avrum J. Rosen, for Plaintiffs.

Todtman, Nachamie, Spizz & Johns, P.C., by Alex Spizz, New York City, for Defendant.

*MEMORANDUM DECISION ON DEFENDANT'S MOTION TO DISMISS*

ROBERT D. DRAIN, Bankruptcy Judge.

Defendant Larry Langer ("Langer") has moved under Fed.R.Civ.P. 12(b)(1) and 12(b)(6), as incorporated by Bankruptcy Rule 7012, to dismiss the complaint of Aegis Realty Corp. and Broadway Heights Associates, LLC., debtors and debtors in possession herein (together, the "Debtors"). In this adversary proceeding the Debtors claim that Langer fraudulently induced their entry into a partnership agreement, giving rise to actual and punitive damages. Langer moves to dismiss the Debtors' complaint because (1) neither of the Debtors was in partnership with Langer and, therefore, the Court lacks subject matter jurisdiction, (2) the Debtors are barred by *res judicata*, and (3) in any event, the Debtors' cause of action is barred by the six year statute of limitations for fraud contained in N.Y. CPLR § 213(8) as supplemented by the two-year "discovery rule" contained in N.Y. CPLR § 213(g).

Having reviewed the pleadings in this proceeding, the prepetition state court judgment upon which Langer relies and Langer's complaint in the state court action, I grant Langer's motion to dismiss on the basis of *res judicata*.

---

1. As noted, Langer has also moved to dismiss under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. However, he did so on the eve of the hearing on his motion under Rule 12(b)(6); thus, while a motion under Rule 12(b)(1) can be made at any time, adequate notice was not provided here. Given the Court's decision to grant Langer's motion under Rule 12(b)(6), however, the parties do not need to engage in further briefing of his subsequent Rule 12(b)(1) motion.

# DISCUSSION

## *Legal Standard on Motion to Dismiss*

Fed.R.Civ.P. 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief may be granted.[1] Dismissal will not be granted under Rule 12(b)(6), however, unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 41–6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *Accord Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir.2000). The Court must accept all well-pleaded allegations in the Complaint, together with any exhibits thereto and documents referred to or incorporated therein, as true, and must draw all reasonable inferences in favor of the plaintiff. *Todd v. Exxon Corp.*, 275 F.3d 191, 197 (2d Cir.2001). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *accord Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995), *cert. denied*, 519 U.S. 808, 117 S.Ct. 50, 136 L.Ed.2d 14 (1996).

## *Res Judicata*

The parties agree that for *res judicata*, or claim preclusion to apply there must have been a final judgment on the merits in the first action by a court of competent jurisdiction, and the first action

---

In any event, Langer's contention that the Court lacks subject matter jurisdiction over this proceeding because the Debtors were not in partnership with Langer is belied by Langer's assertion of a claim in these chapter 11 cases against the Debtors based on their breach of a partnership agreement with him. Indeed, the state court ruling against the Debtors for breach of a partnership agreement with him is the basis for Langer's *res judicata* defense in this Court.

must have involved the same parties or their privies in the same cause of action as the subsequent action. *See, e.g., Teltronics v. L.M. Ericsson Telecommunications Inc.*, 642 F.2d 31, 35 (2d Cir.), *cert. denied*, 452 U.S. 960, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981); *Greenberg v. Board of Governors of Fed. Reserve Sys.*, 968 F.2d 164, 168 (2d Cir.1992).

▄ The parties also agree that, given Langer's reliance on the decision of the Supreme Court of the State of New York, County of New York entered on January 31, 2002 (the "Decision") in *Langer v. Miller, Aegis Realty Corp., Aegis Pension Plan, Broadway Heights Associates, LLP, and 3628 Broadway Realty, Inc.*, Index No. 602026/98 (the "State Court Action"), the first three elements of *res judicata* are met. Each of the Debtors and Langer was a party to the State Court Action. The Decision was rendered by a court of competent jurisdiction and is entitled to full faith and credit. The Decision also was on the merits, although, based on the Debtors' failure to provide discovery, the state court struck the Debtors' answer and precluded affirmative proof at the inquest over the Debtors' objection. Although the Decision was not specifically a default judgment, " '[a] judgment of a court having jurisdiction of the parties and of the subject matter operates as *res judicata*, in the absence of fraud or collusion, even if obtained upon a default.' " *Saud v. The Bank of New York*, 929 F.2d 916, 919 (2d Cir. 1991), quoting *Morris v. Jones*, 329 U.S. 545, 550–51, 67 S.Ct. 451, 91 L.Ed. 488 (1947); *In re Alston*, 49 B.R. 929, 933–34 (Bankr.E.D.N.Y.1985); 18A Wright, Miller & Cooper, *Federal Practice and Procedure*

§ 4442 at 236 (2d ed. 2003) ("*Wright, Miller & Cooper*") ("Valid default judgments establish claim and defense preclusion [*res judicata*] in the same way as litigated judgments, and are equally entitled to enforcement in other jurisdictions.").[2]

▄ The parties disagree, though, whether the Debtors' fraudulent inducement claim in this adversary proceeding was a claim raised in the State Court Action and is, therefore, precluded by the Decision. Obviously Langer did not expressly raise a fraudulent inducement claim against himself in the State Court Action. This does not necessarily prevent him, however, from asserting the Decision as *res judicata* against such a claim subsequently raised by the Debtors. "Under the doctrine of *res judicata*, or claim preclusion, '[a] final adjudication on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been* raised in that action.' " *Bank of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 439 (2d Cir.2000) (emphasis added), quoting *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). "Said differently, 'upon a final judgment on the merits, the parties to a suit are barred as to every matter that was offered and received to sustain or defeat a cause of action, as well as to any other matter that the parties had a full and fair opportunity to offer for that purpose.' " *Id.*, quoting *Manhattan Eye Ear & Throat Hosp. v. NLRB*, 942 F.2d 151, 155–56 (2d Cir.1991).

▄ The issue of whether a claim is preluded by a previous ruling that did not

---

**2.** *See also* 18 *Wright, Miller & Cooper*, § 4442 at 242–43 ("A 'default' entered as a procedural sanction also may support *issue preclusion* [or collateral estoppel] in closely related litigation in order to further the purposes of the sanction.") (emphasis added); *but see Lincoln*

*Trust v. Parker (In re Parker)*, 250 B.R. 512, 518–21 (M.D.Pa.2000) (default judgment should give rise to collateral estoppel only if it resulted from a procedural sanction for willful misconduct that deliberately frustrated the judicial process).

specifically address the subsequent claim has been determined in the Second Circuit by focusing on various issues, including whether a different judgment in the second action would impair or destroy rights or interests established by the judgment entered in the first action, whether the same evidence necessary to maintain the second cause of action was required in the first, and whether the essential facts and issues in the second action were present in the first. *See, e.g., Vasile v. Dean Witter Reynolds, Inc.,* 20 F.Supp.2d 465, 491 (E.D.N.Y.1998); *In re Alston,* 49 B.R. at 934, each citing *Herendeen v. Champion Int'l Corp.,* 525 F.2d 130, 133–34 (2d Cir. 1975). Other courts have shortened the foregoing inquiry by comparing the factual predicates for the present and previously asserted claims, " 'for it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies.' " *Saud v. The Bank of New York,* 929 F.2d at 919, quoting *Expert Elec., Inc. v. Levine,* 554 F.2d 1227, 1234 (2d Cir.), *cert. denied,* 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190 (1977). Thus, " '[w]hether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and *whether the facts essential to the second were present in the first.*' " *Id.* (emphasis in the original), quoting *N.L.R.B. v. United Technologies Corp.,* 706 F.2d 1254, 1260 (2d Cir.1983). *See also* 18 *Wright, Miller & Cooper* § 4414 at 325:

> Federal courts have in fact supplemented Rule 13(a) [compulsory counterclaims] with additional defendant preclusion rules. The clearest need for these rules is shown by cases that have resolved a variety of direct attacks on the original judgment based on defenses or claims that could have been advanced in the first action. The rules have extended somewhat beyond the most palpable direct attacks, however, in an effort to protect the repose established by the original judgment against effective destruction in a later action by the former defendant.

### Application to the Debtors' Complaint

 Examined in the light of the foregoing criteria, the Debtors' fraudulent inducement claim is barred by *res judicata.*

The Debtors premise their complaint herein on the assertion that, unknown to them until recently, Langer had outstanding obligations resulting in substantial judgments against him that would have precluded performance of his partnership obligations to the Debtors. The Debtors' complaint, therefore, contends that Langer fraudulently induced the Debtors to enter into a partnership when he "did not in fact have the financial wherewithal to comply with the obligations of the terms of the alleged partnership." Debtors' Complaint ¶ 33. Thus, "at all times prior to and during the partnership, Larry Langer was not ready, willing and able to comply with the terms of the alleged partnership." *Id.* ¶ 34.

The problem with the Debtors' claim, however, is that paragraphs 13, 33, 46 and 48 of Langer's complaint in the State Court Action, upon which the Decision was based, respectively assert:

> 13. In or about November 1995 the Plaintiff and Miller [the Debtors' principal] entered into a partnership agreement for the purpose of purchasing, commercially exploiting, and ultimately selling or refinancing certain real property located at 3620–3630 Broadway, in the County of New York (hereinafter the 'Property).

33. On March 13, 1996, pursuant to Miller's request, Plaintiff sent a certification of funds to Seymour Herwitz and Miller evidencing that Plaintiff's additional capital contribution was immediately available to complete his capital contribution to the Partnership for the purchase of the Property and that Plaintiff was ready, willing and able to go forward with the deal.

46. Plaintiff fully performed his obligations under the partnership agreement by depositing with the Partnership $14,500 in late 1995; by committing up to an additional $135,000 in funds ready and available upon demand by the Defendant; and by contributing his time and expertise to the deal.

48. But for Defendants' actions in violation of the partnership agreement, Plaintiff would have realized profits from the Partnership from rental of the residential and commercial spaces in the Property and the eventual sale or refinancing of the Property.

That is, these paragraphs of Langer's complaint in the State Court Action, which are the key factual elements of his claim in that Action, *and which the Debtors denied in their answer in the State Court Action* (Debtors' Answer ¶ 3), contradict the fundamental factual premise of the Debtor's complaint in the present adversary proceeding. Langer's complaint and thus the Decision in the State Court Action depended on the validity of Langer's assertion that he "fully performed his obligations under the partnership agreement" and, therefore, "[b]ut for Defendants' actions in violation of the partnership agreement, Plaintiff would have realized profits...." (Langer's Complaint ¶¶ 46, 48). Those as-

sertions are contrary to the key assertion in the Debtors' instant complaint that "Langer was not ready, willing and able to comply with the terms of the alleged partnership." Debtors' Complaint ¶ 34. Thus, as the Debtors are "barred as to every matter that was offered and received to sustain or defeat [Langer's] cause of action, as well as to any other matter that the parties had a full and fair opportunity to offer for that purpose," *Bank of India v. Trendi Sportswear*, 239 F.3d at 439,[3] the Debtors are precluded from raising a claim based on Langer's inability to perform the partnership agreement.

Moreover, a judgment in favor of the Debtors in this adversary proceeding clearly would impair or effectively destroy rights or interests established by the Decision in Langer's favor in the State Court Action. *Herendeen v. Champion Int'l*, 525 F.2d at 133, 18 *Wright, Miller & Cooper* § 4414 at 325. In this regard, the damages sought by the Debtors in this proceeding, while not itemized in the Debtors' complaint, bear a striking resemblance to the damages awarded Langer in the State Court Action, as modified on appeal, plus interest and attorneys fees. It is exceedingly difficult to conceive of any actual damages that the Defendants would have against Langer for wrongfully inducing them to enter into the partnership with the exception of the amount of Langer's judgment against them in the State Court Action for depriving him of all the benefits of the partnership, plus interest and their attorneys' fees in the State Court Action.

▮ The Debtors argue, though, that this adversary proceeding is not a partner-

**3.** *See also Curiale v. Ardra Ins. Co., Ltd.*, 88 N.Y.2d 268, 279, 644 N.Y.S.2d 663, 670, 667 N.E.2d 313 (1996) (" 'When an answer is stricken and a default entered, the defendant admits all traversable allegations in the com-

plaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages.' "), quoting *Rokina Opt. Co. v. Camera King*, 63 N.Y.2d 728, 730, 480 N.Y.S.2d 197, 469 N.E.2d 518 (1984).

ship case but, rather, a fraud case that depends on facts not known to them when the Decision was entered. As established by the Second Circuit in a case with important similarities to this proceeding, however, *res judicata* applies as a general rule even when claims are based on newly discovered evidence, unless the evidence was either fraudulently concealed or could not have been discovered with due diligence. *See Saud v. The Bank of New York,* 929 F.2d at 920; *see also In re Lawrence,* 293 F.3d 615, 621 n. 1 (2d Cir.2002) (same).

In *Saud,* the Second Circuit held that a judgment obtained by default in an action on a guaranty was *res judicata* in a subsequent civil RICO action that was based on the subsequently discovered fraud of the lender. 929 F.2d at 920. The Court in *Saud* determined that the alleged fraud was part of the same transaction or connected series of transactions at issue in the first action and that the facts essential to the second claim were present in the circumstances surrounding the first. *Id.* at 919. Moreover, the Court found that in the first action Saud's affirmative defenses raised, if obliquely, the issue of the lender's permitting the fraudulent diversion of construction loans for other purposes, which was the factual issue that Saud wanted to pursue in his subsequent RICO action. *Id.* The same basic point can be made here by noting that the Debtors' answer in the State Court Action specifically denied the allegations set forth in paragraphs 13, 33, 46 and 48 of Langer's complaint, thus raising defensively the claim that the Debtors now hope to litigate affirmatively.

As to whether the new fraud evidence had been fraudulently concealed or could not have been discovered with due diligence, *Saud* found that "given the substantial amount of money at stake in the Guaranty Action, Saud had a strong incentive to actively litigate his defense and further uncover evidence of fraud. Having failed to undertake that inquiry Saud is chargeable with full knowledge of the fraud." *Id.* at 921–22. Similarly, given their denial of the key allegations in Langer's complaint in the State Court Action, the Debtors could reasonably be expected to have inquired whether there were any judgments against Langer—a matter of public record—that would have precluded Langer from performing the partnership agreement contrary to the allegations in Langer's complaint and in keeping with the specific denial contained in their answer. Because the Debtors did not undertake such a search notwithstanding their denial in the State Court Action that Langer "was ready, willing and able to go forward with the deal" and had "fully performed his obligations under the partnership agreement," they are justifiably barred by *res judicata* from raising a claim of fraud in the inducement in this proceeding.

## CONCLUSION

For the foregoing reasons, Langer's motion to dismiss is granted. Langer is directed to submit an order consistent with this Memorandum Decision within ten days.